PAUL M. PEROVICH, JR. v. OLD PEORIA COMPANY, INC., AND ANOTHER.

172 N. W. (2d) 405.

November 14, 1969—No. 41604.

*Paul M. Perovich, Jr.,* pro se, for relator.

*Sullivan, McMillan, Hanft & Hastings, Edward T. Fride,* and *Robert V. Atmore,* for respondents.

*Friedman & Friedman* and *Newton S. Friedman,* amicus curiae.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Certiorari to review an order of the Workmen's Compensation Commission denying relator's claim for permanent total disability and, further, deducting from his award for temporary total and permanent partial disability the weekly sums for the period relator had refused to submit to examination by a neutral physician.

1. The factual determination that relator is not permanently totally disabled is based upon the competent testimony of seven doctors, including a neutral physician, and that ends the matter. Dudovitz v. Shoppers City, Inc. 282 Minn. 322, 164 N. W. (2d) 873.

2. The statutory power of the commission or referee to designate a neutral physician and the duty of the claimant to submit himself for examination are clear. Minn. St. 176.155, subds. 2 and 3. The statutory sanction for willful refusal to comply with an order directing medical examination is stated in subd. 3:

"If the injured employee refuses to comply with any reasonable request for examination, his right to compensation may be suspended by order of the commission and *no compensation shall be paid while he continues in such refusal.*" (Italics supplied.)

Relator contends that, notwithstanding the imposition of the statutory sanction of suspension upon his refusal to submit to examination, the suspended payments must be paid retroactively if he subsequently decided to comply. We think the legislature intended to impose a more forceful sanction for failure to comply with a procedure so essential to the effective functioning of the statute. Forfeiture of benefits for the period of refusal, as expressed in the italicized language, is consistent with such purpose.

Affirmed.