**PHOENIX CONSTRUCTION CO., INC.**

v.

**Warren E. HANSON, Mary A. Hanson Joseph Rossi, Alias, Water Street Development, Ltd. et al.**

**No. 82–254–Appeal.**

Supreme Court of Rhode Island.
April 18, 1985.

Donald M. Gregory II, Wickford, for plaintiff.

Andrew M. Gilstein, Armstrong, Gibbons, Providence, for defendants.

## OPINION

MURRAY, Justice.

This is an appeal by two of the defendants, Warren E. Hanson and Mary A. Hanson, from two decisions denying their motions to vacate judgments that had been entered against them.

The factual context of this action involves a civil suit commenced in the Superior Court by Phoenix Construction Company (hereinafter Phoenix) against five defendants for work performed by Water Street Development Corporation on real estate located in East Greenwich, Rhode Island. All of the defendants except Warren and Mary Hanson filed answers. A default

judgment in the amount of $63,407.22 was entered against the Hansons on November 5, 1981.

In addition, on September 10, 1981, Phoenix filed a petition to enforce a mechanics' lien in the Kent County Superior Court for the work performed. The Hansons failed to enter an appearance and file an account as required by G.L. 1956 (1984 Reenactment) § 34–28–16, the section that designates the appropriate time period within which an appearance must be made and an account filed for purposes of lien enforcement. The Hansons, who hold a first mortgage on the premises in question, were served with notice of the petition.[1]

The Hansons claim that their reason for not filing responses in either matter was that "they had been advised by Mrs. Hanson's attorney, who at the time was representing her in a divorce, (from Warren Hanson) not to worry about the writs." [2] After consulting a different attorney and becoming apprised of the consequences of the default judgment and their failure to file a claim in the mechanics'-lien proceeding, the Hansons filed a motion to vacate the default judgment and to obtain leave to file a claim out of time in the mechanics'-lien matter. On April 29, 1982, orders were entered in each matter denying the motions. Appeals were filed in both cases.

Subsequent to April 26, 1982, the date the original motions were heard, the Hansons' counsel claims that he became aware of additional information that provided him with a different basis for moving to vacate the mechanics'-lien judgment. This motion was similarly denied by a second Superior Court justice. The order was entered on November 24, 1982, and an appeal was filed.

Both the civil-contract action and the mechanics'-lien action were consolidated and the matter remanded back to the Superior Court for certification pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The order granting certification was entered on May 24, 1983. The present appeal was filed from that order appealing the prior decisions of April 26, 1982, and November 8, 1982.

There are three procedural issues presented on appeal. The first issue is whether the trial justice erred when he failed to grant the Hansons' request to vacate the default judgment under Rule 60(b)(1) and (6).

■ It is a well-established principle in Rhode Island that a motion to vacate a default judgment is within the discretion of the trial justice before whom the motion is brought. Such findings will not be disturbed upon appeal unless there is an error of law or an abuse of that discretion. *Friendly Homes, Inc. v. Shareholders and Creditors of Royal Homestead Land Co.,* R.I., 477 A.2d 934, 937 (1984); *Prudential Investment Corp. v. Porcaro,* 115 R.I. 117, 120, 341 A.2d 720, 722 (1975); *Stevens v. Gulf Oil Corp.,* 108 R.I. 209, 210, 274 A.2d 163, 164 (1971).

■ Rule 60(b)(1) states in pertinent part that

"[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect * * *.* The motion shall be made within a reasonable time, and not more than one year after the judgment, order, or proceeding was entered or taken." (Emphasis added.)

No one disputes the fact that the motion to vacate the default judgment was brought in a timely fashion. The Hansons contend,

---

**1.** The Hansons sold the property to Water Street Development, Ltd. on January 20, 1981, and took back a mortgage in the amount of $525,000. The deed conveying the property and the mortgage deed were not recorded until June 8, 1981.

**2.** According to the attorney's sworn affidavit, however, Mr. Hanson neither contacted him nor was ever advised by him with regard to the Phoenix action.

however, that such motion should have been granted on the basis of excusable neglect. The following circumstances, according to the Hansons, amounted to such excusable neglect:

1. Mrs. Hanson's belief that "her husband took care of the problem."

2. Mrs. Hanson's "psychological problems" (for which no factual proof was offered).

3. The fact that the trial justice allegedly placed "too much weight" on the counter-affidavit of the Hansons' attorney and not enough on their own.

We conclude that there is no evidence that the trial justice abused his discretion or made an error of law. He found, in his discretion, that the Hansons had not sustained their burden of showing excusable neglect. The three pieces of information listed above are certainly far from unequivocal, and it was well within the trial justice's proper discretion to accept or reject them. The trial judge had all the affidavits before him, and as the finder of fact, he was free to choose which affidavits should be accorded the greatest weight. Furthermore, Mrs. Hanson's actions of turning the matter over to her husband with a subsequent failure to respond, even in conjunction with any psychological problems she may have been suffering (for which she offers no factual proof), could certainly be interpreted as falling short of the requisite burden on defendants' part to prove excusable neglect.

The second part of this issue is whether the trial justice abused his discretion or erred as a matter of law in refusing to vacate defendants' judgment pursuant to Rule 60(b)(6).

■ Rule 60(b)(6) provides a catchall provision for relief from judgment for "any other reason justifying relief from the operation of the judgment." The Hansons contend that the circumstances surrounding their failure to answer were sufficiently extraordinary as to invoke the protection of this rule. Although Rule 60(b)(6) was pleaded in the original motion, its application was limited in that motion to the alleged improper entry of default judgment against all the defendants and in no way related to the arguments now being advanced by these particular defendants. It is a well-established principle that we will not entertain issues on appeal that were not raised in the lower court. *See Peloso v. Imperatore*, R.I., 434 A.2d 274, 279 (1981).

We conclude that the trial justice did not abuse his discretion or err as a matter of law when he refused to grant defendants' motions to vacate default judgment pursuant to Rule 60(b)(1) and (6).

The second issue presents the question of whether the trial justice erred by refusing to hear defendants' motion for relief of judgment pursuant to Rule 60(b)(3).

■ Rule 60(b)(3) will relieve a party from a final judgment or order of a proceeding for *fraud*, misrepresentation, or other misconduct of an adverse party. The Hansons claim that subsequent to the time that the motions to vacate were brought pursuant to Rules 60(b)(1) and (6), additional information was obtained that provided them with grounds to vacate premised on fraud. This motion was brought before a second trial justice who, after hearing arguments by counsel, determined that despite defendants' contentions, no additional information was before him beyond that which had been presented to the first trial justice. Consequently, he denied the motion.

After reviewing the record, we find that the trial justice did not abuse his discretion by according deference to the initial trial justice's determination. It was within the judge's discretion to deny the motion with prejudice once he determined that "this particular motion was heard, in fact and in spirit," by the first trial justice.

■ The third and final issue involves the question of whether the trial justice erred by refusing to allow the Hansons leave of court to file their claim out of time in the mechanics'-lien action.

The controlling statutory provision mandates that the lien of all persons, including mortgagees, who are not otherwise excepted, "shall be void and wholly lost" unless they shall enter their appearance and shall file a claim as prescribed therein. Section 34–28–16. In addition, a case interpreting this statute has expressly stated that this statute has been determined to be in derogation of the common law and hence must be strictly construed. *Faraone v. Faraone*, R.I., 413 A.2d 90, 91 (1980). In light of the authority articulated above, we conclude that the trial justice did not err in his decision regarding this final issue.

In conclusion, we affirm the order certifying the prior decisions of the trial justices regarding these issues. The defendants' appeal is denied and dismissed.