John RATH, Respondent,

v.

PERLMAN ROCQUE COMPANY, self-insured, Relator,

Aetna Life & Casualty Company, Intervenor, Respondent.

No. C2–85–1914.

Supreme Court of Minnesota.

April 11, 1986.

John R. Kenefick, Margaret Savage, St. Paul, for relator.

David P. Stewart, St. Paul, for John Rath.

Wayne J. Studer, Minneapolis, for Aetna Life & Cas. Co.

COYNE, Justice.

The Workers' Compensation Court of Appeals affirmed an award of compensation to employee based upon findings that he had sustained an employment-related injury to his low back, in the nature of a permanent aggravation of a prior injury, and that he was earning an average weekly wage of $356. It also affirmed the compensation judge's refusal to deduct $800 from the award as reimbursement to the insurer for its payment of charges made by an orthopedic surgeon when the employee missed two examinations scheduled by the employer. Here the employer-insurer challenges those findings and the denial of the claimed deduction. We affirm in part, reverse in part, and remand for further proceedings.

The employer-insurer first claims that the employee sustained only a temporary aggravation of a preexisting injury. Our review of the record compels affirmance of the WCCA's determination that the finding that employee's work injury was a permanent aggravation of his prior injury had substantial support in the evidence as a whole. *See Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54 (Minn.1984).

The employer-insurer next urges that including overtime to compute employee's average weekly wage was error. Minn.Stat. § 176.011, subd. 18 (1984) provides that occasional overtime is not to be considered, but "if overtime is regular or frequent throughout the year it shall be taken into consideration." The evidence does not show that employee worked overtime regularly, but does show that he worked overtime frequently. Thus, the statute requires that employee's overtime be considered in determining his average weekly wage.

■ Alternatively, the employer-insurer urges that the compensation judge erred in computing overtime. They complain that his method—dividing the total hours of overtime by the number of weeks in which employee worked overtime during the 26 weeks prior to his work injury—resulted in an unrealistically high average. They contend that the compensation judge should have divided the total overtime worked in the 26 weeks prior to employee's injury by 26. We agree that the computation made was erroneous and should be set aside. However, the formula advocated by the employer-insurer is also unrealistic because the wage records establish that employee's nonwork-related injury caused him to miss several weeks of work during the 26-week period. Obviously, dividing the total overtime hours by 26 would result in an unrealistically low average. We therefore remand with directions that employee's average overtime per week be determined by dividing the total overtime hours worked

by the number of weeks in which employee worked in the 26 weeks prior to his work injury. *Cf. Podratz v. Cross Keys Motel,* 300 Minn. 360, 220 N.W.2d 352 (1974).

■ The final issue is whether the insurer should have been reimbursed for its payment of an $800 charge made by an orthopedic specialist retained by the employer to examine employee. The charge was made because employee inexcusably failed to attend two scheduled appointments for the examination, and the employer-insurer urges that Minn.Stat. § 176.155, subd. 3 (1984) authorizes a deduction from the employee's compensation award to reimburse the insurer.

We agree with the majority of the WCCA that section 176.155, subd. 3, was not applicable in the circumstances of this case. That statute provides that if an injured employee refuses to comply with a reasonable request for examination, his right to compensation may be suspended by order of the Workers' Compensation Division, a compensation judge, or the WCCA in a matter before it, and that no compensation shall be paid while the employee "continues in the refusal." Although there may be practical difficulties in application of this provision, it apparently was intended to induce an employee who is already receiving compensation benefits to comply with a request for medical examination. Moreover, the statute permits the employee's right to compensation to be suspended only as long as he refuses to undergo the examination. In this case employee was not receiving compensation benefits, nor by the time of the hearing was he continuing in a refusal to be examined.

However, even if section 176.155, subd. 3, does not authorize the requested deduction, the WCCA has plenary jurisdiction to determine all questions of law and fact arising under the workers' compensation laws of the state. *See, Hagen v. Venem,* 366 N.W.2d 280, 283 (Minn.1985); Minn.

Stat. § 175A.01, subd. 2 (1984). In our view a necessary component of that jurisdiction is the inherent power to impose an appropriate sanction when a party before the WCCA has inexcusably failed to comply with a provision of the Workers' Compensation Act. Here, employee was required by section 176.155, subd. 1 (1984) to submit himself to examination by the employer's physician. His inexcusable failure to do so caused the compensation insurer to incur unnecessary expense, so deducting a reasonable amount from his compensation award to reimburse the insurer is an appropriate sanction, one which will afford redress to the insurer and will also encourage other injured employees to comply with their employer's reasonable requests for medical examination.

We reverse the determination that a deduction could not be ordered. Because there has been no determination of whether the amount sought for reimbursement, $800, is reasonable, we direct that, after the employee's average weekly wage has been redetermined and his compensation award revised, the WCCA refer the matter to the Commissioner of the Department of Labor and Industry pursuant to Minn.Stat. § 176.103 (1984) for an investigation and determination of what would be a reasonable charge for the missed appointments, following which the WCCA shall order that amount to be deducted from the compensation award.

Employee is awarded attorney fees of $400.

Affirmed in part, reversed in part, and remanded.