No. 89-548

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

MICHAEL HAYWORTH, JUDY HAYWORTH
and MICHAEL HAYWORTH, as Guardian
Ad Litem for Matthew Hayworth, a
minor,

        Plaintiffs and Appellants,

-v-

SCHOOL DISTRICT NO. 19, ROSEBUD
COUNTY, MONTANA,

        Defendant and Respondent.

FILED

JUL 13 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
                In and for the County of Rosebud,
                The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Richard J. Carstensen; Billings, Montana

        For Respondent:

            Gary L. Day; Lucas & Monaghan; Miles City, Montana

Submitted on Briefs:  June 7, 1990

Decided:  July 13, 1990

Filed:

_____
              Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Michael and Judy Hayworth brought an action against School District No. 19 in Rosebud County, Montana, alleging that school officials failed to provide a safe environment for their two children, Michael and Heidi. The School District moved for summary judgment and their motion was granted. From this judgment, the Hayworths appeal. We affirm.

The issues on appeal are:

1. Whether it was reversible error for a successor District Court Judge, who sat after retirement of the first judge, to rule on a motion for summary judgment previously denied by the first judge in light of a subsequent decision from the Montana Supreme Court applicable to the case at hand.

2. Whether the District Court erred by determining that the Hayworth's claims for monetary damages were barred by § 2-9-111, MCA.

Michael Hayworth was a student at Colstrip High School in Colstrip, Montana. Apparently, Michael had a hard time getting along with a number of his fellow students. As a result, he was involved in a number of verbal and physical altercations during the 1985-1986 and 1986-1987 school years.

Eventually, his relationship with some of the students was such that his parents felt forced to remove him and his sister Heidi from Colstrip High School. Michael and Heidi transferred to a private school.

Mr. and Mrs. Hayworth brought a lawsuit for damages against the School District, alleging that its employees failed to provide a safe educational environment for their children in violation of Article X, Section 1 of the Montana Constitution, which guarantees free quality elementary and secondary education for all citizens of the state. The School District, relying upon this Court's decision in Bieber v. Broadwater County (1988), 232 Mont. 487, 759 P.2d 145, moved for summary judgment. In Bieber, we held that § 2-9-111, MCA, provides immunity to county commissioners who lawfully discharge an official duty of a legislative body. On December 22, 1988, the Honorable Alfred B. Coate denied the motion for summary judgment without providing any reasons for the denial.

Judge Coate retired and was succeeded by the Honorable Joseph L. Hegel. In May of 1989, the School District renewed its motion for summary judgment and claimed that Peterson v. Great Falls School District No. 1 and A (1989), 773 P.2d 316, 46 St.Rep. 880, issued by this Court on May 12, 1989, mandated dismissal of the Hayworth's claims. In Peterson, we held that § 2-9-111, MCA, provided immunity from suit for the Great Falls School District and its board, as a legislative body, for an action by an agent of the Board who performed an official duty.

The Hayworths argued that the lower court could not properly consider the School District's motion. They maintained that Judge Coate had already decided this question of law and that his ruling had become the "law of the case." The Hayworths further argued

3

that Judge Hegel could not overrule his predecessor by granting the School District's motion.

Judge Hegel disagreed with the Hayworths and granted summary judgment on August 7, 1989. In granting this motion, Judge Hegel relied heavily upon Peterson, 773 P.2d 316. This appeal followed.

As stated above, the Hayworths maintain that Judge Hegel exceeded his judicial powers in granting summary judgment for the School District. They maintain that through this action, the lower court judge exercised appellate jurisdiction over a decision of his predecessor and that he exceeded his jurisdiction. They maintain his decision should therefore be reversed.

We disagree. It is true that judges of coordinate jurisdictions sitting in the same court and in the same case may not ordinarily overrule the decisions of each other. State ex rel. State Highway Comm'n v. Kinman (1967), 150 Mont. 12, 430 P.2d 110. This rule articulates the sound policy that when an issue is once judicially determined, that should be the end of the matter as far as judges and courts of coordinate jurisdictions are concerned. However, this rule is not an imperative and it does not necessarily mandate that a court does not have discretion, in appropriate circumstances, to reconsider a ruling made by another judge in the same case. State v. Carden (1976), 170 Mont. 437, 555 P.2d 738.

We hold that under the facts presented in this case, Judge Hegel did not err in reconsidering the School District's motion for summary judgment. Between the time of his reconsideration and

4

Judge Coate's original denial of the motion, a decision was issued by this Court. This decision, Peterson v. Great Falls School District No. 1 and A (1989), 773 P.2d 316, 46 St.Rep. 880, further defined immunity under § 2-9-111, MCA, as it was originally found to exist in Bieber v. Broadwater County (1988), 232 Mont. 487, 759 P.2d 145.

The facts of Peterson substantially differ from those of Bieber. In Bieber, immunity was found to preclude lawsuits against a county for the actions of a member of the board of county commissioners, which is the legislative body of the county. Peterson, on the other hand, found immunity to exist when a school district was sued for alleged wrongful acts of an agent of the school board, which is the legislative body of the school district. We agree with Judge Hegel, that Peterson significantly clarified § 2-9-111, MCA, as it applies to the case at bar. In view of the changed circumstances, presented by the Peterson decision, Judge Hegel was justified in reconsidering the School District's motion.

We must now determine whether the District Court erred in granting summary judgment on the issue of immunity granted by § 2-9-111, MCA. Initially, we note that summary judgment is properly granted only if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, M.R.Civ.P. The Hayworths have alleged that the School District negligently failed to provide a safe environment for their children. For purposes of this appeal we must take this

allegation as true and determine whether Judge Hegel correctly determined that their claims are barred by § 2-9-111, MCA.

Section 2-9-111, MCA, states:

**2-9-111. Immunity from suit for legislative acts and omissions.** (1) As used in this section:

(a) the term "governmental entity" includes the state, counties, municipalities, and school districts;

(b) the term "legislative body" includes the legislature vested with legislative power by Article V of The Constitution of the State of Montana and any local governmental entity given legislative powers by statute, including school boards.

(2) <u>A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.</u>

(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.

(4) The immunity provided for in this section does not extend to any tort committed by the use of a motor vehicle, aircraft, or other means of transportation. (Emphasis added.)

As stated earlier, in <u>Peterson</u> we found immunity to exist when the school district was sued for alleged wrongful discharge of an employee by the district's administrative assistant. In that case, we noted that under § 2-9-111, MCA, the school district was immune from suit for acts or omissions of an agent of its legislative body, the school board.

The case now before us falls directly under this section. The Hayworths have not come forward with any fact which would remove

6

their case from the purview of § 2-9-111, MCA. In short, they have not put forth any evidence which would support a contention that the agents or employees were not acting within the scope of their authority or that the school administrators involved in this dispute were not agents of the School Board.

The Hayworths additionally argue that because this case involves a breach of their children's constitutional rights under Article X, Section 1 of the Montana Constitution, § 2-9-111, MCA, is inapplicable. In asserting this argument, the Hayworths rely upon Helena Elementary School District No. 1 v. State of Montana (1989), 46 Mont. 169, 769 P.2d 684. Their reliance upon this case is misplaced. In Helena Elementary, the plaintiffs sought declaratory judgment in order to address funding inequities in the state school system. The Hayworths are not seeking declaratory judgment, which is not precluded by § 2-9-111, MCA. Rather, they are seeking monetary damages which are expressly disallowed by the statute.

Finally, the Hayworths cite B.M. v. State (1982), 200 Mont. 58, 649 P.2d 425, for their proposition that immunity does not apply. In B.M. we held that the state could be held liable for negligently placing a child, who needed special education, in a class of retarded children. However, in B.M., the plain meaning of the actual language used in § 2-9-111, MCA, was not discussed. Moreover, since our decision in B.M., we have decided several immunity cases and in the process have arrived at the current

7

construction of § 2-9-111, MCA. See State ex rel. Eccleston v. Montana Third Judicial District Court (1989), 783 P.2d 363, 46 St.Rep. 1929. This construction leads to the conclusion that the Hayworths' claims are barred by the immunity found in § 2-9-111, MCA. The judgment of the lower court is therefore affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

Justices

Justice William E. Hunt, Sr., dissenting:

I dissent. Once again the majority chooses to hide behind the cloak of immunity to deny plaintiffs their day in court. Thanks to Peterson v. School Dist. No. 1 and A, 237 Mont. 376, 773 P.2d 316 (1989) and State ex rel. Eccleston v. Montana Third Judicial Dist. Court, 783 P.2d 363, 46 St.Rep. 1929 (1989), school districts and their employees are insulated from the consequences of their negligent acts, even if those acts do not bear the remotest resemblance to legislative acts. Perhaps, in Montana, the saying, "The King can do no wrong!" should be changed to "The School District can do no wrong!"

I would overrule Peterson and Eccleston and return this case to the District Court for trial.

_____
                    Justice


I concur in the foregoing dissent of Justice Hunt.

_____
                    Justice

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 89-548



MICHAEL HAYWORTH, JUDY HAYWORTH
and MICHAEL HAYWORTH, as Guardian
Ad Litem for Matthew Hayworth,
a minor,

      Plaintiffs and Appellants,

  v.                   )    O R D E R
                              )

SCHOOL DISTRICT NO. 19, ROSEBUD
COUNTY, MONTANA,

      Defendant and Respondent.

This Court on July 13, 1990, issued its opinion in the above-entitled cause. On July 26, 1990, appellants filed herein their petition for rehearing. It has come to the Court's attention that the child subject to the lawsuit was incorrectly named.

THEREFORE, IT IS ORDERED that the following changes in the final opinion be made:

1. On page 2, line 3 from the top which originally read: ". . . to provide a safe environment for their two children, _Michael_ and . . . " should be changed to now read: " . . . to provide a safe environment for their two children _Matthew_ and . . . "

2. On page 2, beginning with the fourth full paragraph which originally read: "_Michael_ Hayworth was a student at Colstrip High School in Colstrip, Montana. Apparently, Michael had a hard time getting along with a number of his fellow students. . . " should be changed to now read: "_Matthew_ Hayworth was a student at Colstrip High School in Colstrip, Montana. _Apparently, the relationship of other students with Matthew was difficult._ . . "

1

3. On page 2, last sentence which originally read: "<u>Michael</u> and Heidi transferred to . . . " should now read: "<u>Matthew</u> and Heidi transferred to . . . "

The appellants' petition for rehearing and the respondent's response to the petition having been considered by this Court,

IT IS FURTHER ORDERED:

4. That the petition for rehearing is hereby denied.

5. The Clerk is directed to mail a true copy hereof to all counsel of record.

DATED this 23rd day of August, 1990.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Justice William E. Hunt, Sr., and Justice John C. Sheehy would grant a rehearing.