INGRAM, Presiding Judge.
The former husband sought a declaratory judgment in the Circuit Court of Madison County, Alabama, concerning the effect of a Minnesota divorce decree on an Alabama decree of divorce a mensa et tho-ro. The former wife then filed a counterclaim in the Circuit Court of Madison County, requesting that the court award her alimony.
The husband filed motions for summary judgments on both the declaratory judgment issue and the wife’s counterclaim, both of which were granted by the circuit court. The circuit court found that, in view of the valid Minnesota divorce decree, the husband was no longer required to make any support payments pursuant to the Alabama divorce a mensa et thoro. Further, the circuit court denied the wife’s counter-petition for alimony. The wife appeals.
The only issue properly before this court is whether the wife may maintain an action for alimony against the husband, notwithstanding a valid absolute divorce previously procured by the wife in a foreign jurisdiction, solely upon constructive service.
The record, in pertinent part, is as follows: The parties were married and lived in Huntsville, Alabama, until their separation in 1977. The wife then moved to Minnesota. The husband continued to reside in Alabama. In 1986, the wife filed for divorce a vinculo matrimonii (an absolute divorce) in the Circuit Court of Madison County, Alabama. Prior to obtaining such a divorce, however, the wife amended her complaint to request a divorce a mensa et thoro (a legal separation from bed and board, pursuant to Ala.Code 1975, § 30-2-30). The circuit court then entered its order on March 13, 1987, granting a divorce a mensa et thoro. As part of this limited divorce, the wife was awarded periodic alimony of $500 per month, as well as property worth $10,000.
Within several months, the wife again filed for a divorce; however, such proceedings were commenced in Minnesota. The *833 Minnesota court ultimately ruled that it did not have in personam jurisdiction over the husband and, therefore, could not render any judgment affecting alimony, property, or attorney’s fees and costs. Specifically, the Minnesota court found that it had no in personam jurisdiction over the husband, but had jurisdiction only over the marital relationship itself. Therefore, in light of Minnesota’s inability to award alimony to the wife, she then filed a petition in Alabama requesting alimony. Her request was denied.
The wife contends that, since Minnesota did not have authority to address the question of alimony, Alabama erred in denying her request. She argues that other jurisdictions have adopted the concept of “divisible divorce” and cites several cases to support her position.
The doctrine of “divisible divorce” was developed in Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948). There, the husband and wife were married and lived in New York until the husband left the wife. She then brought an action in New York for a separation. The husband entered a general appearance, and the court then granted her a decree of separation and awarded her alimony. The husband then went to Nevada and instituted an action for divorce. The wife was notified of the action by constructive service, but entered no appearance. The Nevada court granted the husband an absolute divorce, but made no provision for alimony for the wife. The Supreme Court held that the Nevada court did not have in person-am jurisdiction over the wife since she was not before that court. The court held that this situation made the divorce divisible, accommodating the interest of both Nevada and New York in the broken marriage by restricting each state to the matters of her dominant concern. The reason for the development of the rule that a valid foreign ex parte divorce terminates the marital status but not the right to alimony is that the state of the spouse who is entitled to support has a legitimate interest in protecting the abandoned spouse from being left impoverished and becoming a public charge. Estin, 334 U.S. at 547, 68 S.Ct. at 1217-18.
After a review of the cases adopting the doctrine of a divisible divorce, we find the instant ease to be distinguishable. Under the facts of the present case, the wife is not an abandoned spouse, because it was she who filed an action for an absolute divorce in Alabama, which had jurisdiction over both her and her husband. It was also she who chose to amend her complaint and obtained only what amounted to a legal separation. A few months later, she sought a complete divorce in Minnesota, where she could not get in personam jurisdiction over her husband, the consequence of which precluded her from an award of alimony. Under these facts, we find that she should not be allowed to return to Alabama and litigate the issue of alimony under the concept of divisible divorce. She forfeited, whether knowingly or not, her opportunity to obtain alimony. By her own conduct, she gave up her right to support and cannot now avoid the effect of her divorce in Minnesota, which she brought about.
We also note that some jurisdictions have found that a wife may bring an independent action for alimony after a valid foreign ex parte divorce. See Woods v. Woods, 285 Ark. 175, 686 S.W.2d 387 (1985). There, the Supreme Court of Arkansas construed its statute and found that a separate action for alimony will lie either before or after a divorce. The Supreme Court held that the Arkansas statute allowed an independent proceeding for alimony when alimony could not have been considered in the divorce action. Such is not the law in Alabama.
The law in Alabama is clear that the power to grant alimony is derived solely from statute, and that the obligation of the husband (or the wife) is derived from the marriage relationship. Pursuant to Ala. Code 1975, § 30-2-50, alimony may be awarded pending an action for divorce or, pursuant to § 30-2-51, upon the granting of a divorce. However, after a valid divorce judgment, the relationship of husband and wife is dissolved, and the obligation of the husband to provide for sup *834 port is at an end. Ex Parte Thornton, 272 Ala. 4, 127 So.2d 598 (1961). Therefore, in this instance, we find that our statutes do not allow an independent action for alimony after the marriage relationship has been terminated by a valid divorce.
We do note that the husband apparently obtained a divorce in Nevada prior to the wife’s obtaining the Minnesota divorce. However, it appears that this Nevada divorce could be invalid, due to the lack of proper service on the wife. Nevertheless, neither party has properly raised the effect of the Nevada divorce decree on the Minnesota divorce decree, so we are loath to discuss it other than to say that, if the wife wanted to argue that the Nevada divorce decree was valid and that the Minnesota divorce decree was null and void, Alabama would not be the proper forum.
In view of the above, we find that the circuit court did not commit reversible error when it granted the husband’s motion for summary judgment.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.