In re the Marriage of Glenna M. MAHONEY, Petitioner, Appellant,

v.

Gene T. MAHONEY, Respondent.

No. C7–90–2734.

Court of Appeals of Minnesota.

Aug. 27, 1991.

Review Denied Nov. 13, 1991.

Wilbert E. Hendricks, Hendricks Law Firm, Pine River, for appellant.

Victor H. Smith, Harlan E. Smith, Smith Law Office, Walker, for respondent.

Considered and decided by KLAPHAKE, P.J., LANSING and LOMMEN*, JJ.

## OPINION

KLAPHAKE, Judge.

Glenna Mahoney appeals from an order dismissing her action to vacate a prior Minnesota judgment dissolving her marriage to respondent Gene Mahoney. We affirm.

## FACTS

Appellant Glenna M. Mahoney and respondent Gene T. Mahoney were married on January 29, 1949, in California. They later moved to Alabama where they lived from 1968 to 1977. They separated in 1977 when appellant moved to Minnesota and respondent remained in Alabama.

In 1986, appellant brought an action for a divorce *a vinculo matrimonii*, a complete dissolution of marriage, in Alabama. Following an agreement between the parties, however, appellant amended the action to request a divorce *a mensa et thoro*,

essentially a legal separation. On March 13, 1987, the Alabama court granted appellant a divorce *a mensa et thoro*, in which appellant received a property settlement and a maintenance award. On July 17, 1987, respondent obtained a Nevada divorce of dubious validity.

Unaware of the Nevada decree, appellant began dissolution proceedings in Minnesota on July 22, 1987. Respondent appeared specially to challenge the Minnesota court's exercise of personal jurisdiction. Appellant became aware of the Nevada decree in February 1988. A dissolution was granted to appellant without an order for maintenance or a property settlement because the Minnesota court lacked personal jurisdiction over respondent. This court affirmed the trial court's decision on appeal. *Mahoney v. Mahoney*, 433 N.W.2d 115 (Minn. App.1988), *pet. for rev. denied*, (Minn. Feb. 10, 1989) (*Mahoney I*).

Respondent then brought a declaratory action in Alabama to extinguish his support obligation under the Alabama separation decree. The Alabama trial court held the Minnesota decree terminated the marriage and the Alabama separation decree including respondent's support obligation. On appeal, the Alabama Court of Civil Appeals affirmed the trial court. *Mahoney v. Mahoney*, 568 So.2d 832 (Ala.Civ.App.1990).

Before the Alabama appeal was decided, appellant brought an action in Minnesota to vacate the Minnesota decree. The trial court held the complaint failed to state a claim upon which relief could be granted and dismissed with prejudice.

## ISSUE

Did respondent commit a fraud on the court requiring the trial court to vacate the Minnesota dissolution decree?

## ANALYSIS

Appellant claims the Minnesota decree should be vacated because respondent committed a fraud on the court by not disclosing the existence of the Nevada decree

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

while contesting the Minnesota court's personal jurisdiction. We disagree.

■ Ordinarily a dissolution decree is final when entered, subject to the right of appeal. Minn.Stat. § 518.145, subd. 1 (1990). The court may, however, set the judgment aside in an independent action for fraud upon the court. Minn.Stat. § 518.145, subd. 2. Appellant brought an independent action to vacate the final dissolution decree under Minn.Stat. § 548.14 (1990) (court may set aside "[a]ny judgment obtained * * * by means of * * * any fraudulent act, practice, or representation of the prevailing party").

The supreme court has stated:

[F]raud on the court must be an intentional course of material misrepresentation or nondisclosure, having the result of misleading the court and opposing counsel and making the property settlement grossly unfair.

*Maranda v. Maranda,* 449 N.W.2d 158, 165 (Minn.1989). A finding of fraud on the court must be made under the particular facts of each case. *Id.* at 164. A trial court's findings concerning allegations of fraud on the court must be upheld unless clearly erroneous. Minn.R.Civ.P. 52.01; *Schroetke v. Schroetke,* 365 N.W.2d 380, 383 (Minn.App.1985); *Thomas v. Thomas,* 356 N.W.2d 76, 80 (Minn.App.1984).

■ Here, the trial court found the Minnesota decree was granted by default. While respondent made a special appearance to contest personal jurisdiction, he did not otherwise contest the dissolution action. We conclude that respondent was not obligated to disclose information affecting the substantive issues of the case while contesting personal jurisdiction.

In addition, the trial court found the Minnesota court was aware of the Nevada decree before it granted the final dissolution. The Minnesota court heard arguments on the effect of the Nevada decree on April 19, 1988, well before it issued the judgment of dissolution on June 20, 1990. The transcript of the April hearing was part of the record that the court of appeals reviewed in deciding *Mahoney I.* Contrary to appellant's claim, neither court was misled as to the existence of the Nevada decree. We recognize the severe consequences of our decision here; however, we cannot vacate a final judgment where there was no fraud on the court. The record clearly supports the trial court's findings that no such fraud occurred.

■ Respondent filed a notice of review, challenging the trial court's refusal to assess attorney fees against appellant. An award of attorney fees may be upset only upon a finding of abuse of discretion. *Wicker v. City of Maplewood,* 386 N.W.2d 327, 329 (Minn.App.1986). We do not observe any abuse of discretion in the trial court's denial of respondent's motion for attorney fees. Finally, appellant's motions to include briefs from the prior appeal, to expedite this appeal, and to award attorney fees on appeal are denied.

## DECISION

Affirmed.

LANSING, Judge, dissenting.

Glenna Mahoney's section 548.14 action is equitable in nature and governed by equitable principles. *Bloomquist v. Thomas,* 215 Minn. 35, 42, 9 N.W.2d 337, 341 (1943). Although Gene Mahoney's actions may not constitute the degree of fraud for which relief is typically granted, Minnesota's interest in providing its residents with fair and reasonable maintenance awards requires us to exercise our inherent equitable powers and to vacate the dissolution decree.

Gene Mahoney, who is 65, is a retired civil service employee periodically employed as a consultant for a defense subcontractor. Glenna Mahoney, who is 68, is retired and receives a small social security pension. After their marriage in 1949, Glenna Mahoney worked to support Gene Mahoney until he received a civil engineering degree and obtained a job with the Army Corps of Engineers. During their marriage, she received treatment for serious health problems and mental illness. The couple separated in 1977, and Glenna Mahoney moved to Minnesota.

In 1986 Glenna Mahoney filed for divorce in Alabama, where Gene Mahoney continued to reside, but agreed to amend her petition to request a divorce *a mensa et thoro*. The Alabama court granted the petition, ordering Gene Mahoney to make monthly support payments of $500. The court also divided the parties' property so that Glenna Mahoney received $10,000; fifty-five percent of Gene Mahoney's civil service retirement survivor's annuity; and continued coverage under his medical insurance.

A few months later, the parties independently attempted to effect a complete divorce. Because Alabama requires a two-year waiting period before a divorce *a mensa et thoro* may be converted to a divorce *a vinculo matrimonii*, each petitioned in another forum. Gene Mahoney fraudulently obtained a dissolution in Nevada and terminated Glenna Mahoney's coverage under his medical insurance. Glenna Mahoney, unaware of the Nevada divorce decree, petitioned for dissolution in Minnesota, where she had resided for 13 years.

The Minnesota court granted her petition for divorce but because it lacked personal jurisdiction over Gene Mahoney, was unable to address spousal maintenance. On appeal to this court, *see Mahoney v. Mahoney*, 433 N.W.2d 115 (Minn.App.1988), *pet. for rev. denied* (Minn. Feb. 10, 1989), Gene Mahoney argued that Minnesota could not make a maintenance determination because the Alabama judgment obligating him to pay monthly support was entitled to full faith and credit.

He then brought an action in Alabama to extinguish his support obligations. Alabama, which refuses to recognize the doctrine of divisible divorce, concluded that Gene Mahoney's support obligations were terminated by the Minnesota dissolution and that Glenna Mahoney was precluded from seeking maintenance in Alabama.

Although Glenna Mahoney's inability to receive maintenance is primarily attributable to the harsh effect of Alabama's marital dissolution laws—which forced her to either wait two years before petitioning for a complete divorce in Alabama or to sacrifice her right to maintenance by petitioning in a foreign jurisdiction—we cannot ignore this state's contribution to the result. By granting the partial relief of dissolution, we inadvertently eliminated her right to obtain full relief, which necessarily includes an award of maintenance and possibly a reexamination of the allocation of Gene Mahoney's pension rights.

Recognizing the state's interest in section 548.14 actions involving marital dissolution, *see Bloomquist*, 215 Minn. at 43, 9 N.W.2d at 342, we cannot condone the unconscionable result created by the extraordinary circumstances of this case. The court, acting on behalf of the citizens of the state, has a duty to protect the interests of state residents and to ensure that the results of a marital dissolution are fair and reasonable. *See Karon v. Karon*, 435 N.W.2d 501, 503 (Minn.1989). Accordingly, under the unique and unforeseeable circumstances of this case, equity requires this court to vacate the Minnesota divorce decree.