**Linda K. BRAUNWARTH, Relator,**

v.

**CONTROL DATA CORPORATION and Axia Services, Inc., Respondents.**

No. CX–91–2429.

Supreme Court of Minnesota.

April 10, 1992.

Rehearing Denied May 8, 1992.

Theodore D. Dooley, Minneapolis, for relator.

Lawrence C. Miller, Minneapolis, for respondents.

KEITH, Chief Justice.

The Workers' Compensation Court of Appeals affirmed a retroactive suspension of compensation and credit against future compensation under Minn. Stat. § 176.155, subd. 3, for an alleged failure by an employee to comply with a request for a medical examination. The employee contends that provision is inapplicable to the circumstances of her case.[1] We agree.

Minn.Stat. § 176.155, subd. 3 provides:

If the injured employee refuses to comply with any reasonable request for examination, the right to compensation may be suspended by order of the commissioner or a compensation judge, and no compensation shall be paid while the employee continues in the refusal.

The statutory sanction generally applies to a "willful refusal" or "inexcusable failure" to present oneself for the requested medical examination. *E.g., Rath v. Perlman Rocque Co.*, 384 N.W.2d 464, 466 (Minn. 1986); *Perovich v. Old Peoria Company*, 285 Minn. 519, 172 N.W.2d 405 (1969).

"Although there may be practical difficulties in application of this provision, it apparently was intended to induce an employee who is already receiving compensation benefits to comply with a request for medical examination. Moreover, the

---

1. The employer argues that law of the case bars our consideration of this issue. Law of the case is a rule of practice, not of substantive law. In good appellate practice, bifurcated appeals are the exception rather than the rule. *See Kadolph v. Koob Implement Co.*, 276 N.W.2d 644 (Minn.

1979). Here, an immediate appeal was unnecessary because until the Workers' Compensation Court of Appeals had refused to vacate the compensation judge's decision for good cause, finality in the first decision of the Workers' Compensation Court of Appeals had not yet taken effect.

statute permits the employee's right to compensation to be suspended only as long as he refuses to undergo the examination." *Rath, supra* at 466. In this case, where employee had already complied with a compensation judge's directive to present herself for an examination by the time of the hearing, section 176.155, subd. 3 did not apply. *Id.*

We therefore reverse the determination that employee's benefits could be discontinued from August 29, 1989, through July 26, 1990, and vacate the order for credit.

The employee is awarded attorney fees of $400.

Reversed and credit vacated.