In re the Marriage of Lela Diane KORN-BERG, a/k/a Lila Diane Kornberg, Petitioner, Appellant,

v.

**Harvey KORNBERG, Respondent.**

No. C5-94-1008.

Court of Appeals of Minnesota.

Dec. 13, 1994.

Review Granted March 14, 1995.

misconduct occurred during employment. *Pechacek* is fully applicable to the facts of the case

before us.

Ronald S. Goldser, Robert J. Levy, Zimmerman Reed, Minneapolis, for appellant.

Jerrold F. Bergfalk, Lindquist & Vennum, P.L.L.P., Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and KLAPHAKE and MANSUR, JJ.

## OPINION

MARTIN J. MANSUR, Judge.*

Appellant challenges the district court judge's authority to overrule a prior district court judge's decision granting her motion to reopen the parties' marital dissolution judgment and decree following the prior judge's

retirement. If the successor district court judge did have such authority, appellant argues the successor judge erred in refusing to reopen the judgment and decree. We affirm.

## FACTS

Appellant Lela Diane Kornberg and respondent Harvey Kornberg were married in 1958. The parties were divorced by judgment and decree dated October 1, 1992. Substantial assets were accumulated by the parties during their marriage. The largest single asset was "Atrium on Rae," an apartment complex valued at approximately $1.1 million. The Atrium complex is located in Canada where appellant also resides.

A detailed stipulation was agreed to by the parties after lengthy settlement negotiations. During the negotiations, both parties were represented by competent attorneys and financial advisors in the United States and in Canada. The stipulation, which was incorporated into the judgment and decree, provided that after appellant received spousal maintenance for a five-month period, a corporation called "Newco" would be created to pay appellant dividends. Appellant also agreed to waive all future spousal maintenance and waive her right to seek a modification.

Appellant transferred her interest in the Atrium complex to Newco in return for 1,100 fixed preference shares of stock. Appellant was to receive a monthly dividend of $6.67 (Canadian) for each share or $7,337 per month (Canadian). Respondent retained the common stock. The dividends were not to be labeled as spousal maintenance to avoid severe Canadian tax consequences. In the event of a default by Newco, including the failure of Newco to make the above-described dividend payments, appellant has the right to receive all of the common shares of Newco stock.

No payments have ever been made by Newco to appellant. Although appellant has the option to assume ownership of the Atrium complex, by taking control of the common stock, she does not desire to do so. Since Newco was not a party to the dissolution

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

action, the district court does not have the power to require Newco to pay dividends for appellant's support. Therefore, appellant moved the district court to vacate the judgment and decree on the grounds that the parties' stipulation was the product of mistake or fraud and that it lacked consideration.

The motion was heard by Judge Eugene Farrell, a district court judge in Hennepin County. Judge Farrell found that appellant's waiver of spousal maintenance and the property division resulted from a mistake which prevented an effective meeting of the minds. Judge Farrell therefore concluded that the provisions in the judgment and decree were void and he granted appellant's motion to reopen the judgement and decree. Since Judge Farrell was set to soon retire, he set the matter upon the trial calendar before Judge Franklin Knoll. Judge Knoll is also a district court judge in Hennepin County.

Subsequent to Judge Farrell's retirement, respondent moved for amended findings before Judge Knoll. Judge Knoll decided the motion after determining that respondent's motion for amended findings was preferable over an immediate challenge to Judge Farrell's findings on appeal. Judge Knoll concluded that appellant was not induced by fraud or mistake to enter the stipulation. Therefore, Judge Knoll granted respondent's motion for amended findings which effectively reversed Judge Farrell's prior order reopening the judgement and decree. This appeal followed.

## ISSUES

1. Did the successor district court judge err in ruling upon respondent's motion for amended findings, where a now retired district court judge granted appellant's motion to reopen the parties' marital dissolution judgment and decree?

2. Did the successor district court judge err in refusing to reopen the judgement and decree?

## ANALYSIS

1. *Review of Prior District Court Decision*

A district court judge's authority to review another district court judge's decision to vacate a marital dissolution judgment and decree is not addressed directly by the rules of civil procedure or Minnesota case law. An analogous situation, however, is addressed in Minn.R.Civ.P. 63.01 which provides:

> If by reason of death, sickness, or *other disability* a judge before whom an action has been *tried* is unable to perform judicial duties after a verdict is returned or findings of fact and conclusions of law are filed, any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that the duties cannot be performed because that judge did not preside at the *trial* or for any other reason, that judge may exercise discretion to grant a new trial.

(Emphasis added.)

Whether a judge's retirement is an "other disability" is not clear. We need not decide this issue, however, as rule 63.01 contemplates that a trial has been held. In this case, no trial was held. Nevertheless, rule 63.01 is instructive in illustrating that in certain circumstances, one district court judge does have authority to review the findings of another district court judge.

Had Judge Farrell not retired, it is clear that respondent's motion for amended findings would have been proper. This court recently stated:

> While it is not mandatory that the parties bring post-trial motions to permit the trial court to review, reconsider and clarify its findings and conclusions, it is desirable to do so, and this court has consistently encouraged the practice. * * * A post-trial motion provides the trial court an opportunity to review the evidence and, if necessary, to rectify errors or omissions alleged by the parties. This procedure, properly employed, preserves the economic and emotional resources of both parties, and preserves the resources of the judicial system as well.

*Bliss v. Bliss,* 493 N.W.2d 583, 589–90 (Minn. App.1992) (citations omitted) (footnote omitted), *pet. for rev. denied* (Minn. Feb. 12, 1993). Thus, we must decide whether a party should be precluded from making such a motion for amended findings where the prior judge has retired or is otherwise unavailable.

■ Our resolution of this issue involves application of the "law of the case" doctrine. "The 'law of the case' doctrine commonly applies to issues decided in earlier stages of the same case." *In re Welfare of M.D.O.,* 462 N.W.2d 370, 375 (Minn.1990). In particular, the doctrine provides that

> when a court decides upon a rule of law, that decision should continue to govern the *same issues* in subsequent stages in the *same case.*

*Id.* (emphasis in original) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)).

■ The law of the case doctrine "ordinarily applies where an appellate court has ruled on a legal issue and has remanded the case to the lower court for further proceedings." *Loo v. Loo,* 520 N.W.2d 740, 744 n. 1 (Minn.1994). The doctrine, however, has also been invoked in many federal and state jurisdictions where one judge has reviewed the decision of another judge of the same court. The United States Supreme Court has stated:

> [T]he law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances.*

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988) (quoting *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912)) (citation omitted) (emphasis added).

■ The law of the case doctrine is "a rule of practice, not of substantive law." *Braunwarth v. Control Data Corp.,* 483 N.W.2d 476, 476 n. 1 (Minn.1992). There-fore, the doctrine does not serve as a substantive limitation to a court's power. It is a flexible doctrine that varies within the context of its application. *United States v. Todd,* 920 F.2d 399, 403 n. 1 (6th Cir.1990). "Between coordinate courts, a court is not deprived of the power to revisit a previously decided issue, so long as the case remains within its jurisdiction." *Id.; see also Loo,* 520 N.W.2d at 744 (district court may decide motion which is within the court's "continuing jurisdiction"). The law of the case doctrine "is a discretionary tool available to a court in order to promote judicial efficiency." *Todd,* 920 F.2d at 403.

Many state courts have reached similar conclusions. *See, e.g., Broyles v. Fort Lyon Canal Co.,* 695 P.2d 1136, 1144 (Colo.1985); *Certain N.E. Annexation Area Landowners v. City of Fort Wayne,* 622 N.E.2d 548, 549 (Ind.Ct.App.1993); *United Air Lines, Inc. v. Hewins Travel Consultants, Inc.,* 622 A.2d 1163, 1167 (Me.1993); *Hayworth v. School Dist. No. 19,* 243 Mont. 503, 795 P.2d 470, 471–72 (1990); *Borough of Jefferson v. Bracco,* 160 Pa.Cmwlth. 681, 635 A.2d 754, 757 (1993); *Phoenix Constr. Co. v. Hanson,* 491 A.2d 330, 333 (R.I.1985); *State v. O'Neil,* 848 P.2d 694, 697 (Utah 1993).

■ There are, however, limitations on the successor judge's discretion. A successor judge may reverse a prior decision only if the successor judge believes the prior decision is clearly erroneous or unjust, or when a substantial change occurs in the essential facts, the evidence, or the applicable law. *Powell–Cerkoney v. TCR–Montana Ranch Joint Venture,* 176 Ariz. 275, 279, 860 P.2d 1328, 1332 (Ct.App.1993); *see also Carothers v. Capozziello,* 215 Conn. 82, 574 A.2d 1268, 1281 (1990) (successor judge may reverse prior decision if convinced predecessor's view of the law was clearly erroneous and would work a manifest injustice); *Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192, 1196–97 (D.C.1984) (successor judge not bound by first judge's decision if prior ruling was clearly erroneous).

■ The facts, the evidence, and the law did not change during the time between Judge Farrell's decision and Judge Knoll's

decision. Judge Knoll, however, believed Judge Farrell's decision was clearly erroneous. Moreover, because Judge Knoll was deciding a motion for amended findings, within the district court's continuing jurisdiction, the decision did not interfere with the doctrine of respecting the finality of judgments. *See Loo,* 520 N.W.2d at 744 n. 2 (where the law of the case doctrine does not "quite fit," the question is one of finality of judgments). Therefore, Judge Knoll had the discretion to exercise his independent judgment and review Judge Farrell's decision.

## 2. *Order Denying Motion to Reopen Decree*

Having determined that Judge Knoll had the discretion to review Judge Farrell's order, we must determine whether Judge Knoll erred in reversing Judge Farrell's order. Specifically, we must determine whether Judge Knoll erred in denying appellant's motion to reopen the judgment and decree.

Minn.Stat. § 518.145 (1992), which governs the reopening of dissolution decrees, provides in part:

> On motion and upon terms as are just, the court may relieve a party from a judgment and decree * * *, and may order a new trial or grant other relief as may be just for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence * * *;
>
> (3) fraud, * * *, misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment and decree or order is void; or
>
> (5) the judgment has been satisfied, released, or discharged.

*Id.,* subd. 2.

■ On appeal, a district court's decision whether or not to vacate a marital dissolution stipulation and the resulting judgment and decree will not be disturbed unless there is an abuse of discretion. *Maranda v. Maranda,* 449 N.W.2d 158, 164 (Minn.1989).

■ Appellant argues that Judge Knoll erred in finding that: (1) the stipulation was not the product of a mutual mistake which prevented a meeting of the minds; (2) there was consideration for her waiver of spousal maintenance; and (3) the stipulation was not the product of fraud. Findings of fact shall not be set aside unless "clearly erroneous." Minn.R.Civ.P. 52.01; *In re Welfare of T.K.,* 475 N.W.2d 88, 91 (Minn.App.1991). Clearly erroneous means manifestly contrary to the weight of the evidence as a whole or not reasonably supported by the evidence as a whole. *Hubbard v. United Press Int'l,* 330 N.W.2d 428, 441 (Minn.1983).

### A. *Mistake*

■ Judge Knoll found that the parties anticipated that the Atrium complex might not produce dividends as evidenced by the provision granting appellant all of the common stock in the event of default, thus there was no mistake. We agree.

The parties' extensive representation by counsel and financial advisors negates any inference of mistake. *See Glorvigen v. Glorvigen,* 438 N.W.2d 692, 696 (Minn.App.1989) (in deciding a motion to vacate a stipulation, the district court should consider, inter alia, whether the party was "represented by competent counsel" and whether "extensive and detailed negotiations occurred").

Moreover, the decree itself is not ambiguous with regard to the payment of dividends or appellant's recourse in the event of default and appellant was satisfied that the agreement was fair at the time she entered into the stipulation. Thus, there was no mutual mistake as to the facts at the time of the making of the stipulation. *See Creative Communications, Inc. v. Gaylord,* 403 N.W.2d 654, 657 (Minn.App.1987) (for contract to be void, both parties must have been mistaken as to an existing material fact at the time of the *making of the contract*). Accordingly, Judge Knoll's finding that the stipulation was not the product of mistake is not clearly erroneous.

### 1. *Consideration*

■ Judge Knoll did not make an explicit finding as to consideration. He did find, however, that appellant's waiver of spousal maintenance was formulated as a result of an

agreement by the parties after detailed negotiations, and that both parties fully considered the implications of the agreement. Implicit in this finding is Judge Knoll's belief that the stipulation was supported by consideration.

This conclusion is reasonably supported by the evidence. While Newco did not pay dividends as appellant desired, she still had the option to take control of an asset valued at over one million dollars. Moreover, the receipt of dividend payments was not the only consideration for appellant's waiver of spousal maintenance. The original judgment and decree specifically provided that her waiver of spousal maintenance was in consideration of respondent's waiver of spousal maintenance, the distribution of property, and the assignment of substantial debt. Accordingly, the stipulation was supported by consideration.

### 2. *Fraud*

■ Appellant asserts that respondent fraudulently induced her to enter into the stipulation and waive spousal maintenance by assuring her that Newco would make the dividend payments, even if respondent had to personally fund the dividends himself. Judge Knoll found that the circumstances surrounding the negotiations and the provisions of the agreement do not indicate that appellant was induced by fraud to enter the stipulation.

■ A finding of fraud "must be made under the peculiar facts of each case." *Maranda*, 449 N.W.2d at 164. A district court's findings concerning allegations of fraud must be upheld unless clearly erroneous. *Mahoney v. Mahoney*, 474 N.W.2d 232, 234 (Minn. App.1991), *pet. for rev. denied* (Minn. Nov. 13, 1991).

There is no evidence of a "trick" or "coercion" in the present case. *See Glorvigen*, 438 N.W.2d at 698. Additionally, there is no evidence that respondent intentionally made misrepresentations to appellant which made her waiver of spousal maintenance "grossly unfair." *See Maranda*, 449 N.W.2d at 165. Accordingly, Judge Knoll's finding that appellant failed to prove fraud is not clearly erroneous.[1]

■ In conclusion, appellant failed in proving grounds for reopening the marital dissolution judgment and decree under section 518.145. Therefore, the successor district court judge did not abuse his discretion in refusing to reopen the judgment and decree.

### DECISION

■ Upon respondent's motion for amended findings, the successor district court judge properly reviewed the retired district court judge's decision granting appellant's motion to reopen the parties' marital dissolution judgment and decree. The successor judge did not abuse his discretion in refusing to reopen the judgment and decree.

**Affirmed.**

LANSING, J., dissents.

LANSING, Judge (dissenting).

I respectfully dissent. The district court, on a motion to reopen for fraud or mistake, vacated the judgment and set the case for trial. A successor judge, on a subsequent motion for amended findings, concluded that there was no fraud or mistake. The majority acknowledges that the successor judge used an incorrect standard to arrive at this conclu-

---

1. We note that the district court erroneously determined that appellant must prove fraud by "clear and convincing evidence." Minn.Stat. § 518.145 is silent as to the standard of proof required to show fraud. Therefore, the court should have applied a preponderance of the evidence standard. *See State by Humphrey v. Alpine Air Prods. Inc.*, 500 N.W.2d 788, 791 (Minn.1993) ("[U]nless otherwise indicated by the legislature, the standard of proof in all fraud cases is the preponderance of the evidence standard.").

Nevertheless, it is clear from the district court's findings that had it applied a preponderance of the evidence standard, the court still would not have found any fraud. Therefore, the court's error in applying the wrong standard of proof was harmless. Accordingly, the court's error does not affect our decision. *See* Minn.R.Civ.P. 61 (court must ignore "any error or defect in the proceeding which does not affect the substantial rights of the parties").

sion. *See Becker v. Alloy Hardfacing & Engineering Co.*, 401 N.W.2d 655, 659 (Minn. 1987) (instructing that wrong burden of proof is fundamental error). I do not think that the sweep of Minn.R.Civ.P. 63.01 is broad enough to overcome the flawed procedure. Moreover, the record demonstrates substantial evidentiary support for the district court's initial decision.