**In re the Marriage of Francis Leo BARRETT, Petitioner, Respondent,**

v.

**Shirley Ann BARRETT, Appellant.**

**No. C0–86–450.**

Court of Appeals of Minnesota.

Oct. 14, 1986.

Vicki E. Landwehr, St. Cloud, for respondent.

Kevin L. Holden, St. Cloud, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

In this contested dissolution, the trial court made findings and conclusions pursuant to statute and the evidence presented. Neither party asked for post-trial relief and judgment was entered accordingly. Shirley Barrett then brought this appeal from the judgment, asking for review of the trial court's determinations on maintenance, custody, visitation, attorney's fees, property division and valuation, and child support arrearages. We affirm as modified.

## FACTS

The trial court entered judgment dissolving the parties' 22–year marriage in December 1985. The court awarded respondent Francis (Sam) Barrett sole legal and physical custody of the parties' three minor children, Stephanie, age 15, Shane, age 14, and Sherwin, age 13, and granted visitation rights to appellant Shirley Barrett.

At the time of the dissolution hearing, both parties were unemployed. Nevertheless, because the court found that both parties are capable of finding gainful employment and of earning a living wage, it denied appellant's request for all past, present and future maintenance and ordered each party to be responsible for their respective fees and costs, including attorney's fees. The court also reserved the issue of child support and expunged all child support arrearages that respondent owed under a temporary support order.

Finally, the court ordered the sale of two parcels of real property and the division of the proceeds between the parties. Regarding property located in St. Wendel, the court found the parties agreed to a selling price of $60,000. With regard to property located in Todd County, the court found that neither party could individually afford to maintain the property, and so ordered its return to the bank if it was not sold within a short period of time.

## ISSUES

1. Was it error to refuse appellant temporary maintenance?

2. Was it error to refuse appellant attorney's fees?

3. Was it error to grant respondent sole legal and physical custody of the children?

4. Was it error to require the children to participate in the arrangements for weekend and summer visitation?

## ANALYSIS

This appeal from the judgment is permissible under Minn.R.Civ.App.P. 103.03(a). However, the issues raised by appellant should have been addressed in a motion to the trial court for post-decree relief. We increasingly find cause to urge that appeals in dissolution proceedings be made only after the trial court has had an opportunity to hear grievances over the judgment and make adjustments it considers appropriate. Such motions immediately after issuance of a decree not only reaffirm the trial court's role in finding facts and exercising discretion, but also contribute to judicial economy by reducing the number of appeals and limiting the number of issues raised on appeal. Moreover, if relief is denied, decisions in an original dissolution judgment may still reach this court through appeal from the order denying the motion. Minn.R.Civ.App.P. 103.03(e); *see Kelly v. Kelly*, 371 N.W.2d 193 (Minn. 1985). These concerns are conspicuously presented by the circumstances of this case. We conclude that four provisions of the judgment must be modified, but in each instance the trial court might have agreed that the modifications were appropriate.

1. Trial courts have wide discretion in determining whether an award of maintenance is appropriate. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). That discretion must be examined in light of the controlling statutory guidelines. *Id.* Each case must be determined on its own facts and no single statutory factor is dispositive. *Id.* at 39.

The statute permits an award of spousal maintenance to appellant (1) if she lacks sufficient "property" to provide for her "reasonable needs," especially during a period of education, or (2) if she is not able to provide "adequate self-support" with her earnings in "appropriate employment." Minn.Stat. § 518.552, subd. 1 (Supp.1985). The statute requires a balancing of the supporting spouse's financial needs and capacity against the other spouse's financial needs and capacity. *Otte v. Otte*, 368 N.W.2d 293, 297 (Minn.Ct.App.1985).

Respondent, a high school graduate with one year of college education, was the primary wage earner throughout the marriage. As a carpenter earning union rates, he earns between $14 and $19 per hour. Because his work is seasonal, he receives unemployment benefits during the winter months. At the time of the dissolution hearing, he was receiving $198 per week in benefits.

Appellant has only a 9th grade education. While raising the parties' five children, she occasionally worked as a secretary, in a factory, and as a retail sales clerk, but never earned more than $3.40 per hour. Her present unemployed status began in June 1985.

 The trial court's finding that appellant is capable of earning a living wage is conclusory and unsupported by other findings or by appellant's employment history. Although we agree that temporary maintenance is not warranted at the present time due to respondent's own unemployment, his unemployment is seasonal. An award of short-term maintenance has been mandated where the husband pursued his career without interruption, the wife's earning ability was reduced because of employment chosen to accommodate needs of the children, and no findings demonstrated that the wife's reasonable needs were otherwise met. *See Sefkow v. Sefkow*, 372 N.W.2d 37, 48–49 (Minn.Ct.App.1985), *remanded on other grounds*, 374 N.W.2d 733 (Minn.1985); *Kaste v. Kaste*, 356 N.W.2d 64 (Minn.Ct.App.1984). Similarly, the clear and unusual disparity in the parties' earnings ability here shows appellant cannot adequately support herself with her earnings in appropriate employment. A balancing of the parties' needs and capacities requires that the issue of maintenance be reserved as a matter of law so that the trial court has authority for such review of the issue as may be appropriate to consider a temporary maintenance award.

2. An award of attorney's fees rests almost entirely within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977). However, the trial court must consider the financial resources of both parties, and should award reasonable attorney's fees if one spouse will otherwise be unable to carry on or to contest the dissolution proceedings. Minn.Stat. § 518.14 (1984). In addition to the vast disparity in the parties' earnings abilities, it is evident that this is the type of proceeding where appellant's lack of resources may prevent her access to the court and where respondent can financially arrange to provide the necessary fees. Under these circumstances, an award to appellant of $500 for attorney's fees will fulfill the statutory intent.

3. Trial courts have broad discretion in awarding child custody. *Weatherly v. Weatherly,* 330 N.W.2d 890, 891 (Minn. 1983). The applicable statute, however, requires that a grant of custody be based on the best interests of the child, and lists several of the relevant factors reflecting that evaluation. *See* Minn.Stat. § 518.17, subd. 1 (1984).

Furthermore, where joint legal custody is sought, three additional factors must be considered: "(a) The ability of [the] parents to cooperate in the rearing of their children, (b) Methods for resolving disputes regarding any major decision concerning the life of the child, and the parents' willingness to use those methods, and (c) Whether it would be detrimental to the child if one parent were to have sole authority over the child's upbringing." *Id.,* § 518.17, subd. 2. In addition, the legislature's recent amendment to the marriage dissolution statute reflects the trend for a presumptive award of joint legal custody unless it is shown that such an award will have an adverse affect. *See* 1986 Minn. Laws ch. 406, § 1 (adding a provision that courts "shall use a rebuttable presumption that upon request of either or both parties, joint legal custody is in the best interests of the child").

Here, appellant requested joint legal custody. The custody resolution specialist also recommended joint legal custody. Nevertheless, the trial court found that it is in the best interest of the children to be in respondent's sole physical and legal custody. Although the court's findings indicate its consideration of the factors contained in subdivision one, it made no findings on the factors relevant to joint legal custody. Consideration of these factors reveals no evidence to justify denial of joint legal custody. The parties have not indicated that they are unable to cooperate in the children's upbringing. *See* Minn.Stat. § 518.17, subd. 2(a). In fact, evidence that they have cooperated in arranging for the children to continue attending the schools they attended prior to their parents' separation supports the opposite conclusion. Although there is some evidence that the parties have engaged in numerous disagreements, none of their disputes relate to those major decisions in the life of their children such as religion, education, and health. *See id.,* § 518.17, subd. 2(b). Both parties are Catholic and desire that the children follow that religion. The parties exhibit similar concerns over the deterioration in the children's performance in school. Nor does the record demonstrate that harm will result from an award of joint legal custody. *See id.,* § 518.17, subd. 2(c). Although some evidence indicates there has been some difficulty with visitation, this is relevant only to the question of physical custody, which is not at issue here. The evidence does not support a denial of appellant's request for joint legal custody.

4. The focus in granting visitation rights is primarily the best interests of the children. *Rutten v. Rutten,* 347 N.W.2d 47, 51 (Minn.1984) (citing Minn.Stat. § 518.-175, subd. 1 (1982)). The trial court has broad discretion to determine what these best interests involve. *Rutten,* 347 N.W.2d at 51.

Here, the trial court granted specific visitation rights to Shirley Barrett, including every other weekend, two weeks in the summer, and a detailed schedule of alter-

nating holiday visitations. With regard to the weekend and summer visitation, the court ordered that "the exact days and times [are] to be agreed upon between [appellant] and the children."

Given the children's ages, their choices and preferences must be seriously considered in determining visitation. *See* Minn.Stat. § 518.17, subd. 1(b) (1984) (determination of a child's best interests includes consideration of the child's reasonable preference, if the child is old enough to express a preference). However, this consideration does not permit a court to delegate to the children its role of determining an appropriate visitation schedule or the role of the custodial parent to make specific arrangements to comply with that schedule. Here, the trial court's order not only removes responsibility from those who should bear it but puts the children's welfare in jeopardy by demanding regular expression of their choices and their singular responsibility to determine what visits will occur. It is not in the children's best interest to become bargaining agents between their parents in working out arrangements for each visitation. The provisions for weekend and summer visitation are therefore modified in part to read: "the exact days and times to be agreed upon between the parties."

Appellant contests other of the trial court's determinations, including its forgiveness of child support arrearages, its finding that the parties agreed to a $60,000 selling price for the St. Wendel property, and its order that the Todd County property be returned to the bank if it is not sold within a short period of time. These arguments are without merit. On the issue of arrearages, appellant has not provided an adequate record for review of the issue. On the two property issues, appellant's disagreements with the trial court's findings have no effect on the final outcome. The trial court's decision is accordingly affirmed on all remaining issues.

## DECISION

The trial court erred in denying appellant's requests for attorney's fees, joint legal custody, and joint authority with respondent over weekend and summer visitation schedules, and failing to reserve jurisdiction on appellant's request for temporary maintenance. The issue of maintenance is reserved for future consideration of a temporary award. Appellant is awarded $500 in attorney's fees. The parties are awarded joint legal custody of their three minor children. The provisions for weekend and summer visitation are modified in part to read: "the exact days and times to be agreed upon between the parties."

Affirmed as modified.