In re the Marriage of Thomas H. BLISS, Petitioner, Respondent,

v.

Mary G. BLISS, Appellant.

No. C8-92-687.

Court of Appeals of Minnesota.

Dec. 15, 1992.

Review Denied Feb. 12, 1993.

---

Lawrence Downing, Lawrence Downing & Associates, Rochester, for appellant.

George F. Restovich, Bruce K. Piotrowski, Patterson–Restovich–Lund Law Offices, Ltd., Rochester, for respondent.

Considered and decided by HUSPENI, P.J., and SCHUMACHER, and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

Appellant, Mary G. Bliss, challenges the trial court's award of $868.50 per month child support reduced by half during respondent Thomas H. Bliss's nine weeks of visitation each year, the award of $431.50 per month spousal maintenance, the allocation of debt, the visitation schedule, and the award of $5,000 in attorney fees. We affirm in part, reverse in part, and remand.

## FACTS

The parties were married August 8, 1968. They had two children: B.B. (age 16), and P.B. (age 7). In September 1987, respondent left the parties' home and started living in an apartment. Appellant and the children remained in the home until September 1990, when they moved to Mankato and appellant commenced graduate studies in technical writing. Between 1987 and August 1991, respondent voluntarily paid appellant approximately $1,300 per month for child support and spousal maintenance.

Respondent has been employed by IBM in Rochester since 1968. The trial court found respondent's net monthly income to be $2,895 and his reasonable monthly expenses to be $1,914. Appellant, employed by IBM until 1975, became a full-time homemaker upon B.B.'s birth in that year. The trial court found appellant's claimed monthly expenses of $4,846 to be inaccurate, and therefore did not determine her

reasonable monthly expenses. Appellant receives interest income from nonmarital investments of $208 per month, and did not work while attending graduate classes in Mankato.

Generally, the parties agreed to an equitable division of the marital assets. However, they litigated the issues of debt allocation, especially whether respondent should be responsible for a number of debts appellant allegedly incurred after the parties' separation.

Appeal was taken from the judgment and decree of dissolution.

## ISSUES

1. Did the trial court err by reducing guideline child support by one-half during the summer weeks respondent has custody of the children?

2. Did the trial court err by awarding appellant $431.50 per month in spousal maintenance?

3. Did the trial court err in its allocation of the parties' debt?

4. Are the trial court findings of fact clearly erroneous?

5. Did the trial court act within its discretion in establishing the parties' visitation schedule?

6. Did the trial court err by awarding appellant $5,000 in attorney fees?

## ANALYSIS

### I.

 The trial court has broad discretion in determining support obligations; if the determination has an acceptable and reasonable basis in fact, it should be affirmed. *Mancuso v. Mancuso,* 417 N.W.2d 668, 671 (Minn.App.1988). However, the trial court must make written findings explaining why it departed from the support guidelines. *See* Minn.Stat. § 518.551, subd. 5(h) (Supp.1991). Here, the trial court did not make specific findings on the issue

about which appellant complains: the children's and appellant's reasonable needs[1] during the nine weeks the children are with their father. Moreover, the findings do not indicate how the children's best interests are served by reducing respondent's support obligation during visitation. This court is unable to review the trial court's rationale for departing from the child support guidelines. *See Swick v. Swick,* 467 N.W.2d 328, 332 (Minn.App.1991), *pet. for rev. denied* (Minn. May 16, 1991). Accordingly, we remand to the trial court to enable it to make findings regarding the reduction of child support by one-half during the nine-weeks visitation period.

### II.

With regard to spousal maintenance, appellant first complains that certain of the trial court's conclusions of law are contradictory. We agree. Conclusion of Law IV.B provides that rehabilitative maintenance shall automatically terminate upon the occurrence of the first of the following contingent events: (1) October 1, 1994, or appellant's graduation from Mankato State University, whichever occurs first; (2) respondent's or appellant's death; (3) appellant begins to receive her share of respondent's IBM pension benefits; or (4) appellant remarries.

Conclusion of Law IV.D provides:

Amounts here ordered as "rehabilitative maintenance" shall, upon its purpose being met, remain permanent, subject to modification by this Court upon the application of either party and taking into account their financial situation as conditions then exist and the need for the continuation of maintenance in any amount.

Respondent concedes the conclusions are contradictory, and conceded through his attorney at oral argument that the trial court intended that maintenance remain permanent subject to respondent showing appellant was self-supporting and no longer in

1. It would be of assistance to this court if the trial court set forth its consideration of budgetary items such as mortgage and insurance which remain stable even in the temporary absence of the minor children from their home, and of the items such as groceries, which may be reduced during the children's absence.

need of maintenance. We agree with respondent's concessions. Upon remand the trial court shall clarify the maintenance provision to recognize that maintenance is permanent.

■ Appellant also argues the trial court erred in failing to determine appellant's reasonable monthly needs and expenses. Again, we agree. Appellant submitted a list of monthly expenses totalling $4,846. The trial court, however, neither accepted that total as reasonable nor performed the analyses and modifications necessary to reach a figure that it deemed reasonable. The trial court is required to balance the obligor's ability to provide maintenance with the obligee's needs and ability to meet her needs. *Erlandson v. Erlandson*, 318 N.W.2d 36, 39–40 (Minn.1982). That balance can only be struck when the obligee's needs are, in fact, determined. *Lyon v. Lyon*, 439 N.W.2d 18, 22 (Minn.1989) (maintenance is function of need). We remand this issue for required findings.

## III.

■ The trial court is accorded broad discretion in the division of debt; on review, the trial court's decision must be affirmed if it has an acceptable basis in fact and principle, even though this court may have taken a different approach. *Servin v. Servin*, 345 N.W.2d 754, 758 (Minn. 1984).

First, appellant claims error in the conclusion of the trial court which states that debts listed in "Conclusion of Law XXXXI-II," totalling $9,801.04, should be paid directly from proceeds from the sale of the parties' house. There is no conclusion of Law XXXXIII.[2] However, Conclusion of Law VIII.B does list $9,801.04 in joint debts, and directs these debts be paid from the homestead sale proceeds. Conclusion of Law XXXXIII is plainly a typographical error, and on remand the trial court should

rectify the ambiguity. *See* Minn.R.Civ.P. 60.01.

■ Appellant argues, in addition, that the debt of $9,801.04 was incurred solely by respondent, and should be his sole obligation. We disagree. The trial court's determination that the debts were incurred prior to the date of separation or reasonably incurred after separation to provide necessary support for the parties and their children is supported by the record.[3] The trial court acted within its discretion by making the parties equally responsible for the debts.

■ Next, appellant claims that much of the debt she incurred after the separation should be declared marital because she bore the greater share of the family's financial obligations. We disagree. The record includes insufficient evidence about the $3,500 loan from appellant's sister to permit determination of either the terms or purpose of that debt or whether it even had to be repaid. The trial court did not abuse its discretion in allocating that loan to appellant rather than apportioning it between the parties.

A debt of $4,510 for the children's tuition to a Catholic school in Mankato is not, as appellant asserts, solely apportioned to her. Pursuant to the decree, when appellant negotiates a reduction of the tuition bill based on her financial status and ability to pay, respondent will be obliged to reimburse appellant for one-half of the discounted tuition paid. The trial court's resolution of the tuition dispute has an acceptable basis in principle and fact.

■ Appellant's claim that a $7,700 Stafford school loan and a $4,622 debt for nonpsychological counselling for appellant at the Mankato Y Resource Center were improperly apportioned solely to her is without merit. Appellant did not identify during trial the exact purpose of the Stafford school loan. Further, she never asked respondent to share in payment of the loan

---

2. *Finding of Fact* XXXXIII does not concern such debts in any way. We note the correct Roman numeral for 43 is XLIII, not XXXXIII.

3. The first IBM loan was for home improvements; the second and third IBM loans and the Visa loan were used to pay general family expenses; and the Mayo Clinic bill was for medical treatment for the parties' son.

until the eve of trial. Similarly, appellant never asked respondent to share the cost of the Resource Center loan until trial, nor did she sufficiently identify the nature of the counselling. Also, the court found that respondent's insurance coverage may have covered psychological counselling had appellant sought such counselling and notified respondent. Under these circumstances, the trial court acted within its discretion by apportioning the Stafford loan and counselling debt to appellant. *See Dahlberg v. Dahlberg*, 358 N.W.2d 76, 80 (Minn.App.1984) (apportionment of entire marital debt to husband who had incurred most of it without consulting wife is within the trial court's discretion).

Finally, appellant argues the trial court erred by finding respondent borrowed $6,000 against his Equitable Variable Life Insurance policy to satisfy the parties' $3,500 joint state and federal tax liability for 1989 and other family expenses. We agree with appellant. The record indicates the parties' federal tax liability in 1989 was $1,606; there was a state refund of $133. Hence, the parties' 1989 net tax liability was $1,473, not $3,500. On remand the trial court shall reconsider this issue in light of the correct figure of $1,473 and, if appropriate, adjust the parties' equity in the insurance policy accordingly.

## IV.

Findings of fact will not be disturbed unless clearly erroneous. Minn.R.Civ.P. 52.01.

Under this standard, the findings of the trial court will not be disturbed if they are reasonably supported by evidence in the record considered as a whole.

*Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 441 (Minn.1983).

Appellant claims error in a trial court finding which provides:

[Respondent] has been voluntarily * * * paying [appellant] the sum of $1,300 per month for the support of herself and the minor children, while paying various additional marital bills and obligations since the parties separated in September of 1987.

We find no error. Appellant concedes she received $1,300 per month during the parties' separation, except during the several weeks in the summer when the children visited respondent. Further, between September 1987 and September 1990, respondent paid approximately $500 monthly for the parties' home mortgage, taxes and insurance.

Appellant next challenges the finding that the parties' Dairy Queen stock was sold to purchase a Mercury automobile. The record indicates a down payment of $6,000 was made on the Mercury in July 1987. While the exact dates of sale are uncertain, it appears the parties' stock was sold in July and September of 1987. Arguably, part of the proceeds from the stock sale went for the automobile down payment. Hence, the finding is not clearly erroneous.

Appellant also claims error in the trial court's finding that appellant's tuition costs at Mankato State University are between $3,920 and $4,900, and in the trial court's conclusion that respondent is to pay one-half of appellant's tuition, not to exceed $2,500. The trial court heard testimony from two expert witnesses who testified appellant's expected costs of college tuition would be between $3,920 and $4,900. Hence, the finding is supported by the record and there is no error.

## V.

■ The trial court has broad discretion to determine the children's best interests involving visitation and will not be reversed absent an abuse of discretion. *Rutten v. Rutten*, 347 N.W.2d 47, 51 (Minn.1984).

■ Appellant claims first that the best interests of the children require they be treated differently because of their age and because P.B.'s special medical and emotional needs require appellant to spend substantially more time with P.B. than would be possible after allowance of respondent's liberal visitation. We disagree. The trial court did not abuse its discretion in setting specific dates, times, transportation procedures for visitation, and in permitting re-

spondent the liberal visitation which would permit him as a joint legal custodian to participate in the day-to-day and long-term decisions regarding the upbringing of the children.

██ Second, citing *Barrett v. Barrett,* 394 N.W.2d 274 (Minn.App.1986), appellant contends the trial court erred by permitting respondent the opportunity to make special visitation arrangements "directly" with the children. Appellant's reliance on *Barrett* is misplaced. The *Barrett* court concluded that allowing the noncustodial parent and her children to decide the exact days for weekend and summer visitation was improper; the court reasoned it was not in the children's best interests to become "bargaining agents" between their parents. *Id.* at 279. Here, however, exact visitation dates, specific times for visitation, and the method for transportation are provided in detail. The parties' visitation schedule does allow modification for special events providing appellant is notified. Such a provision does not accord excessive discretion to the respondent so that the parties' children become bargaining agents. Instead it provides a reasonable degree of flexibility to permit the parties to respond to special events. Under these circumstances, the trial court properly met the children's needs, provided a viable visitation schedule, and yet allowed for a proper amount of flexibility.[4]

██ Third, appellant argues that the trial court violated the spirit of the joint custody agreement in permitting respondent to enter psychological counselling or therapy with his children when he deems it beneficial. We disagree. This provision appears to be a salutary means for respondent to resolve conflicts with his children which, the record shows, have arisen after the parties' separation and marriage dissolution. Further, if appellant opposes proposed therapy, she may move the court to consider her objections.

## VI.

██ Appellant contends the trial court erred by only awarding her $5,000 in attorney fees. A trial court's decision regarding the award of attorney fees will not be upset absent an abuse of discretion. *Reinke v. Reinke,* 464 N.W.2d 513, 516 (Minn.App.1990). The record reflects that the trial court properly considered the requirements of Minn.Stat. § 518.14 (1990) and properly restricted the attorney fees award to $5,000.

## VII.

Finally, we believe this case provides an opportunity to comment on two matters which are both recurring and troubling.

██ We address, first, the matter of post-trial motions. Neither party here moved for amended findings of fact, conclusions of law or in the alternative a new trial. Appeal was taken from the judgment. While it is not mandatory that the parties bring post-trial motions to permit the trial court to review, reconsider and clarify its findings and conclusions, it is desirable to do so, and this court has consistently encouraged the practice.[5]

---

4. There is no merit in appellant's allegation of conflict between two decree provisions addressing transportation of the children during visitation. When *appellant* has summer visitation she is to return the children "to respondent's home"; at all times that *respondent* has visitation he is to "pick up and deliver the children to [appellant] at a mutually agreed upon place in Faribault."

5. We note that the Minnesota Rules of Civil Appellate Procedure have been amended recently to deal specifically with the time for appeal from a judgment and decree dissolving a marriage when a motion has been made to amend or make additional findings of fact. Minn. R.Civ.App.P. 104.04 provides:

**Subd. 1.** An appeal may be taken from a judgment and decree of dissolution within 90 days after its entry, from an amended judgment and decree of dissolution within 30 days after service by the adverse party of written notice of entry, and from an order within 30 days after service by the adverse party of written notice of filing unless a different time is provided by law.

**Subd. 2.** The *time for appeal* shall run from service by the adverse party of written notice of filing of an order denying a new trial or granting or denying any of the following motions:

(a) to amend or make additional findings of fact, whether or not an alteration of the judg-

*Kreidler v. Kreidler*, 348 N.W.2d 780, 784 (Minn.App.1984). This case illustrates the wisdom of seeking first the assistance of the trial court, and only secondarily the assistance of this court. Alleged errors in this case were in substantial part the result of clerical mistakes, inconsistent findings and conclusions of law, and the trial court's failure to make a necessary finding. A post-trial motion provides the trial court an opportunity to review the evidence and, if necessary, to rectify errors or omissions alleged by the parties. *See* Minn.R.Civ.P. 52.02. This procedure, properly employed, preserves the economic and emotional resources of both parties, and preserves the resources of the judicial system as well. Most importantly, in many cases the necessity of an appeal may be obviated altogether.

 This case presents a second matter of concern, one which arises not only in family law cases but in court-tried cases generally. The trial court here adopted nearly verbatim respondent's proposed findings and conclusions of law. We have held previously that the verbatim adoption of a party's proposed findings and conclusions of law is not reversible error per se. *Sigurdson v. Isanti County*, 408 N.W.2d 654, 657 (Minn.App.1987), *pet. for rev. denied* (Minn. Aug. 19, 1987). While we continue to recognize the acceptability of this practice, we strongly caution that wholesale adoption of one party's findings and conclusions raises the question of whether the trial court independently evaluated each party's testimony and evidence. *See Bersie v. Zycad Corp.*, 417 N.W.2d 288, 292 (Minn.App.1987), *pet. for rev. denied* (Minn. May 5, 1988).

The trial court must scrupulously assure that findings and conclusions—whether they be the court's alone, one or the other party's, or a combination—are always detailed, specific and sufficient enough to enable meaningful review by this court.[6] Remands occasioned by insufficient findings under *Moylan* or *Stich* serve the best interests of neither the parties nor their children; and they disproportionately and often needlessly drain the limited resources of both trial and appellate courts. The energies of attorneys and the courts and certainly the financial and emotional resources of the parties can all be more productively employed elsewhere than in remanded cases.

## DECISION

We remand to the trial court to make findings on the children's and appellant's reasonable needs during the nine-week period the children stay with respondent. We also remand for findings on appellant's reasonable expenses so that a proper level of maintenance may be determined. The trial court properly apportioned the parties debt, with the exception of the parties' equity in the life insurance policy which sum shall be determined on remand. The trial court acted within its discretion in establishing the parties' visitation schedule and properly awarded appellant $5,000 in attorney fees.

Affirmed in part, reversed in part, and remanded.

---

ment would be required if the motion is granted;
(b) to alter or amend the judgment;
(c) for modification of an order with respect to custody or visitation; or
(d) for modification of child support or of maintenance.
(Emphasis added.)

6. The trial court bears the ultimate responsibility to assure that findings and conclusions meet the standards necessary to enable meaningful review. However, a party who submits pro-posed findings and conclusions should also conscientiously review and revise this document prior to submission to the trial court to assure that the *Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986), and *Stich v. Stich*, 435 N.W.2d 52, 53 (Minn.1989), requirements are met. In so doing, a potential respondent on appeal (and generally the party whose findings and conclusions are accepted by the trial court *will be* respondent on appeal) will have presented a case which, if not meriting outright affirmance, at least will not compel a remand.