*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1116**

In re the Marriage of:
Beverly Abuzzahab, petitioner,
Respondent,

vs.

Faruk Said Abuzzahab,
Appellant.

**Filed April 20, 2015
Affirmed
Stoneburner, Judge\***

Hennepin County District Court
File No. 27-FA-000059130

Debra E. Yerigan, Amie E. Penny Sayler, Messerli & Kramer P.A., Minneapolis, Minnesota (for respondent)

Kathleen M. Newman, Nancy E. Murphy, Kathleen M. Newman & Associates, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Halbrooks, Judge; and Stoneburner, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

Appellant challenges the district court's denial of his motion to reduce or terminate his spousal-maintenance obligation to respondent, arguing that he has shown substantial changes in circumstances that make the current obligation unreasonable and unfair. Appellant bases his argument on assertions of his decreased income and increased need and respondent's decreased needs and failure to maximize income from assets available for her support. Because the district court did not err in concluding that husband failed to meet his burden to prove his assertions, we affirm.

## FACTS

The 20-year marriage of appellant Faruk Said Abuzzahab (husband) and respondent Beverly Abuzzahab (wife) was dissolved by judgment initially entered in 1982 and amended several times thereafter. The last amended judgment that is in the record, entered in February 1986, required husband to pay wife $4,000 per month in spousal maintenance and reserves the district court's jurisdiction over spousal maintenance. The parties agree that the judgment was again amended in 1987, reducing husband's maintenance obligation to $3,500 per month, but this judgment is not in the record. For purposes of husband's current motion, the parties agreed that the district court would use findings from the 1986 judgment.

At the time of the 1986 judgment, husband, a board-certified psychiatrist with a Ph.D. in pharmacology, was engaged in the full-time practice of psychiatry and pharmacology as the sole stockholder of Clinical Pharmacological Consultants, P.A., and

was the sole proprietor of Psychopharmacology Fund, an unincorporated research organization. The 1986 judgment does not state husband's monthly income but states that in "the corporate fiscal year ending July 31, 1981," husband received $215,473 in financial benefits, including a $160,475 salary, from Clinical Pharmacological Consultants.

Wife, a former psychiatric nurse, had been a homemaker during the 20-year marriage. The 1986 judgment states that, due to health limitations, wife was not likely to reenter the nursing profession and she was considering pursuing a realtor's license.

The parties' standard of living was described as "high." Wife's living expenses were estimated to be $5,051 per month, and husband's living expenses were estimated to be $4,200 per month, some of which were being deducted against $1,000 per month rental income for space in the home used by the corporation.

In 2000, when wife began to receive social security benefits, husband reduced his maintenance payments to $2,750. In January 2010, husband further reduced his payments to $2,000. Wife did not pursue a claim for maintenance arrearages until 2012, at which time she obtained a default judgment in the amount of $132,000.[1]

In January 2013, husband moved to terminate his spousal-maintenance obligation. Because husband failed to provide adequate support for the motion, wife moved to dismiss the motion for failure to establish a prima facie case. The parties subsequently agreed to continue the matter and engaged in discovery.

---

[1] Approximately $20,000 of this judgment was satisfied without payment because arrearages in that amount had accrued more than ten years prior to entry of the judgment.

3

In a May 2013 supplemental affidavit, husband asserts that he has begun to wind down his psychiatric practice, in part due to hearing loss, and that he is facing sanctions from the medical board that might result in suspension of his license to practice. Husband asserts that he has not been paid from his practice since March 2013, is using money from his retirement accounts to pay bills and spousal maintenance, and, due to decreased income and increased expenses, is no longer able to support wife, whom, he asserts, has sufficient income from her property to meet her needs. Husband asserts that wife has artificially created need by giving away a substantial asset in a real-estate transaction with her daughter. To support his affidavit, husband submitted a then-current bank statement from his practice, investment reports from January and March 2013 showing IRA withdrawals totaling $50,000, and a report of his 2012 IRA contributions.

Wife submitted an affidavit stating that she works part-time as a real estate agent but is unable to work full-time due to her age and health. She states that she lost money as a realtor in 2011 and 2012 but expected to earn at least $4,280 in 2013. She states that her income consists of maintenance payments, $1,075 per month in social security benefits, and $1,000 per month in interest payments from her daughter and son-in-law, to whom she sold a one-half interest in her home. She explains that, as part of her estate planning, she signed a quitclaim deed that would transfer her remaining interest in the home to her daughter and son-in-law. She states that the quitclaim deed is being held by her estate-planning attorney and will be recorded after her death. Wife states that her monthly expenses are $5,566.19 and that any reduction in maintenance would result in

4

her being unable to meet her needs. Wife submitted an itemized list of her expenses, a real-estate tax report, a medical bill, and her 2011 and 2012 federal tax returns.

After a hearing, the district court denied husband's motion to terminate his maintenance obligation. The district court stated that it was unable to find a change of circumstances due to husband's failure to provide sufficient evidence of his current income or expenses. The district court denied husband's request for reconsideration but granted his subsequent motion for a new hearing, noting that the interests of justice warranted reopening the record so that husband could submit current income and expenses and the district court could more equitably address his modification motion.

Husband supplemented the record with more than 175 pages of documents concerning his 2013 income, tax returns from 2010 to 2012, a chart showing monthly living expenses of $11,125, and a "prehearing order" concerning his pending medical-board action. Husband also submitted the affidavit of a certified public accountant, which included calculations that essentially purport to show that if husband continues to pay $3,500 per month in maintenance, his monthly deficit is vastly disproportionate to wife's monthly deficit, but if husband is relieved of his maintenance obligation, each party will have about the same monthly deficit.

The district court accepted wife's evidence of her income and expenses and found that, because even with social security benefits she is barely able to meet her expenses, her receipt of social security benefits does not constitute a change of circumstances that makes husband's maintenance obligation unreasonable or unfair. The district court also

found that the real-estate transactions involving her home do not demonstrate a change of circumstances that makes the current maintenance award unreasonable or unfair.

The district court found husband's evidence insufficient to support a finding of substantial change in his income or expenses. The district court noted that husband "submitted form financial documents with no affidavit to explain the numbers he uses." The district court found the affidavit of husband's C.P.A. shows only that the C.P.A. reviewed documents provided by husband and made calculations based on those documents with "no independent knowledge of the validity of the proposed inputs." The district court again denied husband's motion to modify his maintenance obligation and awarded wife $5,000 in attorney fees based on its finding that husband's actions unnecessarily increased the length and expense of the proceeding. Husband appeals the denial of his motion for modification of his maintenance obligation.

**D E C I S I O N**

**1.     Husband failed to establish a substantial change in his circumstances.**

Husband asserts on appeal that he has established a substantial change of circumstances with respect to both parties' incomes and needs, making the current maintenance obligation unreasonable and unfair, and that the district court abused its discretion by denying his motion for modification.

Minn. Stat. § 518A.39, subd. 2(a) (2014) provides, in relevant part:

> The terms of an order respecting maintenance or support may be modified upon a showing of one or more of the following, any of which makes the terms unreasonable and unfair: (1) substantially increased or decreased gross

6

income of an obligor or obligee; (2) substantially increased or decreased need of an obligor or obligee . . . .

District courts have broad discretion when determining whether to modify spousal-maintenance awards. *Youker v. Youker*, 661 N.W.2d 266, 269 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003). But modification of maintenance should be made cautiously and "only upon clear proof of facts showing that a substantial change in circumstances renders modification equitable." *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn. 1980). We review a district court's decision on a motion to modify spousal maintenance for an abuse of discretion. *Hecker v. Hecker*, 568 N.W.2d 705, 710 (Minn. 1997). A district court abuses its discretion if its findings of fact are unsupported by the record or if it improperly applies the law. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997). "Findings of fact concerning spousal maintenance must be upheld unless they are clearly erroneous." *Gessner v. Gessner*, 487 N.W.2d 921, 923 (Minn. App. 1992); *see also* Minn. R. Civ. P. 52.01 (stating that findings of fact "shall not be set aside unless clearly erroneous").

In this case, the district court determined that husband's evidence is insufficient to permit a finding concerning his current income and expenses. Husband argues that the district court treated the parties' evidence inconsistently, accepting wife's chart of monthly expenses but rejecting his similar chart as insufficient. But husband ignores the fact that wife's sworn affidavit states that her expenses total $5,566.19 (the amount shown on her chart). Husband did not submit such an affidavit or testimony concerning his expenses. The district court noted the same problem with husband's purported

7

evidence of his income—there is no affidavit or testimony explaining the numbers on the documents. The district court specifically noted the lack of evidence.[2] The district court suggested that these numbers could be evidence of manipulation of income "for tax purposes or other purposes." Similarly, the district court noted that the only affidavit submitted by husband is from his CPA who has no independent knowledge of the accuracy or completeness of documents provided by husband.

Husband relies on the case of *Bliss v. Bliss*, 493 N.W.2d 583 (Minn. App. 1992), *review denied* (Minn. Feb. 12, 1993), to argue that the district court was required to "make [an] analysis" of husband's claimed expenses and make any necessary modifications to find the amount of reasonable expenses. But *Bliss* involved an initial award of maintenance in which the district court is required to balance an obligor's ability to provide maintenance with the obligee's needs and ability to meet those needs— a balance that "can only be struck when the obligee's needs are, in fact, determined." *Id.* at 587. By contrast, to prevail on his motion for a modification of his maintenance obligation, husband has the burden to prove any substantial change of circumstances he asserts. *Hecker*, 568 N.W.2d at 709. Husband has not provided authority to support his assertion that a district court is required to make a determination of an obligor's reasonable expenses absent sufficient evidence to establish those expenses. The district court did not abuse its discretion by concluding that husband failed to show a substantial change in his income or expenses. *See Tuthill v. Tuthill*, 399 N.W.2d 230, 232 (Minn.

---

[2] The 2011 tax return submitted by husband shows his salary as a psychiatrist to be $86,985 and his current wife's salary to be $114,635.70.

8

App. 1987) (stating both that a party cannot complain about a lack of findings by the district court when that party failed to provide the evidence necessary to make the missing findings, and that because a finding of no substantial change in circumstances is fatal to a motion to modify maintenance, other findings were not required); *see also Eisenschenk v. Eisenschenk*, 668 N.W.2d 235, 243 (Minn. App. 2003) (stating that "[o]n appeal, a party cannot complain about a district court's failure to rule in her favor when one of the reasons it did not do so is because that party failed to provide the district court with" necessary evidence), *review denied* (Minn. Nov. 25, 2003).

**2.     Husband failed to establish a substantial change in wife's circumstances that make the current obligation unreasonable or unfair.**

In the district court, husband did not challenge the reasonableness or accuracy of wife's monthly expenses, found by the district court to be $5,566.97. For the first time on appeal, husband asserts that the district court erred by including amounts for attorney fees and vacations in wife's expenses and failing to include in her income expected real-estate earnings or investment income. Because these issues were not raised in the district court, we decline to consider these arguments on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that, generally, appellate courts will not consider arguments raised for the first time on appeal).

Husband's argument to the district court was that wife "could have, and should have, earned substantially more income by entering into an arms-length transaction regarding her home rather than selling it to her daughter." Husband characterizes this transaction as evidence of "the intentional dissipation of assets by . . . wife through her

9

estate planning." Husband asserts that wife "began to dissipate her assets" in 1994 when she mortgaged her home to pay her daughter's medical school loan "rather than earning income on the asset that could have been used to meet her monthly living expenses." But husband provides no authority for his assertion that wife was obligated to sell or otherwise dispose of her share of marital property to meet her living expenses. Wife explained that she made the sale because she could no longer afford the taxes on the home and the transaction is part of her estate planning, reasons that are neither frivolous nor unjustified. The district court's finding that wife's real-estate transaction with her daughter does not constitute a substantial change of circumstances supporting modification of maintenance is not clearly erroneous.

Husband also asserts that the district court improperly speculated that wife may have been forced to liquidate assets to cover his inadequate maintenance payments. But the district court made this comment in the context of rejecting husband's argument that it should include the maintenance-arrearages judgment in wife's income, noting that husband was essentially proposing that he could create a change of circumstances by his own failure to fully pay his obligation. We find no merit in husband's assertion that this comment entitles him to relief on appeal. The district court did not abuse its discretion by concluding that husband failed to prove a substantial change in circumstances making the current maintenance obligation unreasonable or unfair.

**Affirmed.**

10