**Rodney FOUGNER, Respondent,**

v.

**BOISE CASCADE CORPORATION,
Self–Insured, Relator.**

No. C8–90–1270.

Supreme Court of Minnesota.

Aug. 31, 1990.

Michael C. Jackman, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for relator.

Thomas R. Longfellow, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, St. Paul, for respondent.

POPOVICH, Chief Justice.

This case is before the court on a writ of certiorari to review a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's determination that where an employee's wages were irregular, vacation and holiday pay should be included in calculating the employee's average weekly wage.

I.

Rodney Fougner started working for Boise Cascade as a laborer in August 1975. On July 25, 1987, he was working as the "fifth hand" on a paper machine when he sustained a low back injury while pulling a 300–pound shaft. The employer admitted liability and paid certain workers' compensation benefits.

In November 1988, the employee filed a claim petition alleging underpayment of benefits because the employer had excluded holiday pay and vacation pay from the average weekly wage determination and claiming compensation for a 22.63% permanent partial disability to the whole body. At the hearing held before a compensation judge of the Office of Administrative Hearings on the employee's claim, the employee testified that vacation and holiday pay at Boise Cascade was determined pursuant to a union contract. It was based on days worked and could be paid even if the employee decided not to take a vacation.

The compensation judge determined that the employee's vacation and holiday pay should be included in the calculation of the wage basis. The compensation judge also found that the employee had a 10.5% permanent partial disability to the whole body under the "healed sprain, strain" section of the applicable disability schedules. On appeal, the Workers' Compensation Court of Appeals affirmed the wage basis calculation but modified the finding as to the extent of permanency. The Workers' Compensation Court of Appeals concluded that where there was not much dispute that the employee had a two-level disc herniation, the disability should have been rated under the herniated disc category for a 14% rating.

II.

While this court will not disturb a decision of the Workers' Compensation Court

of Appeals unless it is manifestly contrary to the evidence, a decision which rests upon the application of a statute to basically undisputed facts involves a conclusion of law which is not binding on this court. *Bradley v. Vic's Welding*, 405 N.W.2d 243 (Minn.1987).

The employer maintains that the Workers' Compensation Court of Appeals erred in affirming the inclusion of vacation and holiday pay in the calculation of the employee's average weekly wage based on Minn.Stat. § 176.011, subd. 3 (1986). That statute provides in part as follows:

> "Daily wage" means the daily wage of the employee in the employment engaged in at the time of injury but does not include tips and gratuities paid directly to an employee by a customer of the employer and not accounted for by the employee to the employer. If the amount of the daily wage received or to be received by the employee in the employment engaged in at the time of injury was irregular or difficult to determine, or if the employment was part time, the daily wage shall be computed by dividing the total amount the employee actually earned in such employment in the last 26 weeks, by the total number of days in which the employee actually performed any of the duties of such employment * * *.

Because vacation and holiday pay were included in the wages paid to the employee, the Workers' Compensation Court of Appeals concluded that the compensation judge properly included the vacation and holiday pay in the wage basis. We agree. Under the plain language of the statute, vacation and holiday pay actually earned are to be included in the wage basis calculation.[1]

### III.

The remaining issue pertains to the Workers' Compensation Court of Appeals'

modification of the compensation judge's permanent partial disability rating. After a thorough review of the medical evidence as well as the applicable disability schedules, we believe the Workers' Compensation Court of Appeals appropriately rated the employee's disability under the herniated disc category. Minn.R. 5223.0070, subp. 1.B.(1)(a), (5) (1989).

Affirmed.

---

1. The employer has asked this court to rule, in the alternative, that if vacation and holiday pay are to be included, then the corresponding number of vacation days and holidays taken should also be included in the wage basis calculation; but that would appear to be contrary to the plain language of the statute. Although including vacation and holiday pay without also including the corresponding vacation days and holidays in the calculation seems to be anomaly, that is a question more properly addressed by the legislature.