STATE OF MINNESOTA

IN SUPREME COURT

A14-0090

Workers' Compensation Court of Appeals                                    Page, J.

Sharyn Hartwig,

                    Relator,

vs.                                                            Filed:  August 13, 2014
                                                              Office of Appellate Courts
Traverse Care Center and Minnesota
Counties Intergovernmental Trust,

                    Respondents,

Continental Life Insurance, Midway Medical
Clinic/Steven P. Radjenovich, D. O.,
Heartland Orthopedic Specialists,

                    Intervenors.

_____

DeAnna M. McCashin, Schoep & McCashin, Chtd., Alexandria, Minnesota, for relator.

Timothy P. Jung, David M. Bateson, Peter D. Stiteler, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota, for respondents.

Susan L. Naughton, League of Minnesota Cities, Saint Paul, Minnesota, for amici curiae League of Minnesota Cities, Association of Minnesota Counties, Minnesota Association of Townships, and Hennepin County.

Charlene K. Feenstra, Kalli M. Bennett, Heacox, Hartman, Koshmrl, Cosgriff & Johnson, P.A., Saint Paul, Minnesota, for amicus curiae Workers' Compensation Reinsurance Association.

_____

1

S Y L L A B U S

The phrase "old age and survivor insurance benefits," as used in Minn. Stat. § 176.101, subd. 4 (2012), refers to social security benefits under the Social Security Act, 42 U.S.C. §§ 401-34 (2012).

Reversed and remanded.

O P I N I O N

PAGE, Justice.

Relator Sharyn Hartwig was a certified nursing assistant employed by respondent Traverse Care Center (Traverse) when she sustained various work-related injuries between September 4, 2005, and May 5, 2010. Hartwig has been permanently and totally disabled since May 5, 2010, and has been receiving workers' compensation benefits since that date. Hartwig began receiving a retirement annuity from the Public Employees Retirement Association (PERA) on August 1, 2012. *See generally* Minn. Stat. ch. 353 (2012). She has not applied for or received any disability benefits from PERA. At some point, Hartwig began receiving federal social security retirement benefits. The statute provides that once Traverse paid $25,000 in permanent total disability benefits, Traverse was entitled, under Minn. Stat. § 176.101, subd. 4 (2012), to offset Hartwig's permanent total disability benefits by the amount of her social security retirement benefits. The $25,000 offset trigger was reached on March 8, 2011.

The parties disagreed, however, as to whether Traverse was entitled to apply the subdivision 4 offset to Hartwig's PERA retirement benefits. Hartwig therefore filed a petition to challenge Traverse's right to apply the subdivision 4 offset to her PERA

retirement benefits.  Without holding a hearing, the compensation judge granted Traverse the offset.  The compensation judge concluded that public employee *retirement* benefits are within the meaning of "government *disability* benefits," as that term is defined in Minn. R. 5222.0100, subp. 4 (2013) (emphasis added).[1]

The WCCA disagreed with the compensation judge's interpretation of Minn. R. 5222.0100, subp. 4, but nonetheless affirmed.  *Hartwig v. Traverse Care Ctr. & Minn. Cntys. Intergovernmental Trust*, 2013 WL 7017758, at *2, *5 (Minn. WCCA Dec. 23, 2013).  The WCCA concluded based, in part, on its past decisions allowing an offset for public employee retirement benefits, that Hartwig's PERA retirement annuity was an "old age and survivor insurance benefit[ ]."  *Id.* at *4-5 (citing *Kramer v. City of St. Paul*, 33 Minn. Workers' Comp. Dec. 425 (WCCA 1981), *Wicks v. City of S. St. Paul*, 1988 WL 216735 (Minn. WCCA Nov. 18, 1988), and *Adamski v. Kenneth Setterholm's Farm*, 58 Minn. Workers' Comp. Dec. 119, 121 (WCCA 1998)).

Before us, Hartwig argues, as did the employee in *Ekdahl v. Independent School District #213*, __ N.W.2d __, A14-0089 (Minn. August 13, 2014), that Minn. Stat. § 176.101, subd. 4, does not permit permanent total disability benefits to be offset by public employee pension benefits.  In *Ekdahl*, we held that the term "old age and survivor insurance benefits," as used in Minn. Stat. § 176.101, subd. 4, refers only to federal social

---

[1]     Minnesota Rule 5222.0100, subpart 4, provides:  " 'Government disability benefits' means disability benefits paid by any government disability program within the meaning of Minnesota Statutes, section 176.101, subdivision 4.  It includes, but is not limited to, social security disability benefits, old age and survivor benefits, fire relief association benefits, police relief association benefits, and public employee's retirement benefits."  Minn. R. 5222.0100, subp. 4 (2013).

security benefits received by an injured worker pursuant to the Social Security Act, 42 U.S.C. §§ 401-34 (2012), and not to government-service pension benefits.  As a result, we held that the offset in Minn. Stat. § 176.101, subd. 4, for "old age and survivor insurance benefits" does not apply to an employee's non-social security pension benefits. Because *Ekdahl* controls our decision here, we reverse and remand to the WCCA for further proceedings consistent with this opinion.[2]

Reversed and remanded.

---

[2]    Like Ekdahl, Hartwig raises an equal protection claim.  For the same reasons we did not address Ekdahl's constitutional claim, we do not address Hartwig's constitutional claim.