STATE OF MINNESOTA

IN SUPREME COURT

A14-0089

Workers' Compensation Court of Appeals                                    Page, J.

Gary Ekdahl,

                    Relator,

vs.                                                                      Filed:  August 13, 2014
                                                                         Office of Appellate Courts
Independent School District #213,
Self-Insured/Riverport Insurance Services,

                    Respondent.

_____

DeAnna M. McCashin, Schoep & McCashin, Chtd., Alexandria, Minnesota, for relator.

Timothy P. Jung, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota, for respondent.

Charlene K. Feenstra, Joshua M. Steinbrecher, Heacox, Hartman, Koshmrl, Cosgriff & Johnson, P.A., Saint Paul, Minnesota, for amicus curiae Workers' Compensation Reinsurance Association.

Thomas J. Grundhoefer, Edward S. Cadman, MSBA Legislative Counsel, Saint Paul, Minnesota, for amicus curiae Minnesota School Boards Association.

_____

S Y L L A B U S

The phrase "old age and survivor insurance benefits," as used in Minn. Stat. § 176.101, subd. 4 (2012), refers to social security benefits under the Social Security Act, 42 U.S.C. §§ 401-34 (2012).

1

Reversed.

O P I N I O N

PAGE, Justice.

Relator Gary Ekdahl, who was injured while working for respondent Independent School District #213 (the School District), sought and was awarded permanent total disability benefits. The School District, relying on Minn. Stat. § 176.101, subd. 4 (2012), requested an offset of its disability-benefit payment by the amount of government-service pension benefits Ekdahl was receiving, arguing that the statute authorizes an offset for "any old age and survivor insurance benefits." The compensation judge denied the requested offset, concluding that Ekdahl's government-service pension benefits are not "old age and survivor insurance benefits," as that phrase is used in Minn. Stat. § 176.101, subd. 4. The Workers' Compensation Court of Appeals (WCCA) reversed, concluding that government-service pension benefits are included in the phrase "old age and survivor insurance benefits," and thus can be offset from the School District's disability-benefit payment. Ekdahl raises two issues in this appeal: (1) whether the phrase "old age and survivor insurance benefits," as used in Minn. Stat. § 176.101, subd. 4, includes pension benefits received by a former government employee; and (2) if so, whether his equal protection and due process rights are violated by the statutory offset. For the reasons explained below, we reverse the WCCA and reinstate the decision of the compensation judge.

Gary Ekdahl was employed by the School District as an industrial arts teacher and volleyball coach. On September 9, 2004, Ekdahl injured his back at work. Ekdahl

2

retired from his teaching position with the School District in 2006 due to his injuries. He discontinued his coaching duties on November 15, 2011, and has not held any gainful employment since that date.

Ekdahl has not applied for or received any benefits under the Social Security Act, 42 U.S.C. §§ 401-34 (2012). In 2006, he applied for and was awarded a retirement pension from the Teachers Retirement Association (TRA). *See* Minn. Stat. § 354.44, subd. 1 (2012) ("Any [TRA] member . . . who ceases . . . to render teaching services . . . is entitled upon written application to a retirement annuity."). Ekdahl has not applied for or received any TRA disability benefits. *See* Minn. Stat. § 354.48 (2012). Ekdahl eventually sought and was awarded permanent total disability benefits under the Workers Compensation Act (Act). *See* Minn. Stat. § 176.101, subd. 4. Relying on Minn. Stat. § 176.101, subd. 4, the School District sought to offset its permanent total disability benefit payment by the amount of Ekdahl's TRA retirement pension. The compensation judge rejected the School District's claim, concluding that the School District was not entitled to the offset.

The School District appealed, and the WCCA reversed the decision of the compensation judge, holding that "after a total of $25,000 in weekly compensation has been paid, the [School District] is entitled to reduce [Ekdahl's] permanent total disability benefits by the amount of [TRA] retirement benefits." *Ekdahl v. Indep. Sch. Dist. #213*, 2013 WL 7017760, at *6 (Minn. WCCA Dec. 24, 2013). Ekdahl then petitioned this court for review by certiorari.

Minnesota Statutes § 176.101, subd. 4, provides, in relevant part:

> This compensation shall be paid during the permanent total disability of the injured employee but after a total of $25,000 of weekly compensation has been paid, the amount of the weekly compensation benefits being paid by the employer shall be reduced by the amount of any disability benefits being paid by any government disability benefit program if the disability benefits are occasioned by the same injury or injuries which give rise to payments under this subdivision. *This reduction shall also apply to any old age and survivor insurance benefits.*

(Emphasis added.) This section provides generally that after $25,000 of permanent total benefits have been paid, an employee's permanent total disability benefits are reduced by the amount of any benefits received from any government disability program. Subdivision 4 further provides that "[t]his reduction shall also apply to any old age and survivor insurance benefits." The statute does not, however, define the phrase "old age and survivor insurance benefits."

Ekdahl argues that the only retirement-benefit offset from permanent total disability benefits that is authorized by the phrase "any old age and survivor insurance benefits" in section 176.101, subdivision 4, is for federal social security benefits under the Social Security Act. *See* 42 U.S.C. §§ 401-34. The School District argues that the phrase "any old age and survivor insurance benefits" includes all government-service pension benefits, not simply federal social security benefits. The School District further argues that the Legislature's use of the word "any" before the phrase "old age and survivor insurance benefits" indicates that the offset is to be applied broadly. As a result, the School District contends that permanent total disability benefits may be offset by any government-service pension benefit, not just social security benefits.

4

The facts of this case are undisputed. Thus, resolution of the case turns on a question of law: the interpretation of the phrase "old age and survivor insurance benefits," as used in section 176.101, subdivision 4. When interpreting statutory provisions, we apply a de novo standard of review. *Reider v. Anoka-Hennepin Sch. Dist. No. 11*, 728 N.W.2d 246, 249 (Minn. 2007). We are not bound by WCCA decisions that rest upon the application of a statute to undisputed facts. *Bradley v. Vic's Welding*, 405 N.W.2d 243, 245 (Minn. 1987). The goal of all statutory interpretation is to ascertain and effectuate the intention of the Legislature. *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 278 (Minn. 2000). When reading a statute, we interpret words and phrases "according to rules of grammar and according to their common and approved usage," but we interpret "technical words and phrases and such others as have acquired a special meaning . . . according to such special meaning." Minn. Stat. § 645.08(1) (2012).

The offset provision has been part of the Minnesota workers' compensation regime since 1953. *See* Act of Apr. 24, 1953, ch. 755, § 10, 1953 Minn. Laws 1099, 1113-14 ("This compensation shall be paid during the permanent total disability of the injured person but if the employe[e] is eligible for old age and survivors insurance benefits, such benefits shall be credited on the compensation benefits payable under this subdivision after a total of $18,000 has been paid." (codified as amended at Minn. Stat. § 176.101, subd. 4 (2012))). The parties agree that, as enacted in 1953, the phrase "old age and survivors insurance benefits" referred only to social security benefits under the Social Security Act, 42 U.S.C. §§ 401-34. That reading of the phrase is consistent with

5

the technical meaning of the phrase. For example, *Black's Law Dictionary* defines the phrase "old-age and survivors' insurance" as:

> A system of insurance, subsidized by the federal government, that provides retirement benefits for persons who reach retirement age and payments to survivors upon the death of the insured.

> This was the original name for the retirement and death benefits established by the Social Security Act of 1935. As the scope of these benefits expanded, the name changed to Old Age, Survivors, and Disability Insurance (OASDI), and then to Old Age, Survivors, Disability, and Health Insurance (OASDHI). Today, the system is most often referred to as *Social Security.*

*Black's Law Dictionary* 1260 (10th ed. 2014).

Moreover, since its enactment, we have consistently construed the offset provision to refer to federal social security benefits. In *Telle v. Northfield Iron Co.*, we allowed an offset for federal social security retirement benefits, but not disability benefits. 278 Minn. 129, 132, 153 N.W.2d 270, 272 (1967) (holding that offset for social security retirement benefits does not include federal disability benefits, and stating that there was no "legislative intent to embody the entire subchapter of the Social Security Act dealing with both disability benefits and old age benefits"). Since *Telle*, apart from increasing the minimum compensation amount and adding "any" to the authorized social security offset, the Legislature has neither amended nor altered the phrase "old age and survivor insurance benefits." *See* Act of June 2, 1967, ch. 40, § 9, subd. 4, 1967 Minn. Laws 2225, 2234-35 (increasing the compensation to $25,000 and adding "any" before the phrase "old age and survivor insurance benefits"). The meaning of the offset provision, with respect to retirement benefits, therefore continues to refer only to federal social

security retirement benefits. *See, e.g., Gassler v. State*, 787 N.W.2d 575, 586 n.11 (Minn. 2010) ("[W]hen the legislature uses a phrase we assume . . . the legislature intended to use the phrase according to its commonly understood meaning.").

The School District argues, however, that when the Legislature added the word "any" before the phrase "old age and survivor insurance benefits," it broadened the meaning of the offset provision to include all government-service pension benefits. We disagree. The word "any" is defined as "[o]ne, some, every, or all without specification." *The American Heritage Dictionary of the English Language* 81 (5th ed. 2011). Thus, the use of the word "any" in front of a plural countable noun refers to all things of a particular type; in this case, all social security benefits. In other words, the Legislature's insertion of "any" before the phrase "old age and survivor insurance benefits" did not alter the meaning of that phrase; it merely expanded the scope of the *federal social security benefits* to which the offset is to be applied.[1]

This conclusion is consistent with our decision in *Potucek v. City of Warren*, 535 N.W.2d 333 (Minn. 1995). Although *Potucek* addressed an offset for disability, rather than retirement, benefits we explained that coordinating workers' compensation benefits with "the federal social security system and the state pension system" depends on the "different considerations" of those systems, and "offsets aimed at preventing duplicate

---

[1]    Over the years, the number of programs covered by the Social Security Act has expanded. Those programs include social security disability insurance, supplemental security income, social security retirement benefits, and social security dependent benefits. By our decision today, we do not purport to decide which of these programs are subject to the offset provisions in section 176.101, subdivision 4.

benefits must be read with the basic purpose of each system in mind." *Id*. at 336 (footnote omitted). We said, " '[I]n the absence of [an] express statutory election or offset provision[], . . . the benefits of both a public pension law and a compensation act can be simultaneously drawn.' " *Id*. (quoting 4 Arthur Larson, The Law of Workmen's Compensation, § 97.41(c) (1995)).

It is undisputed that Ekdahl does not receive any disability benefits from TRA. Further, the only retirement benefit he receives is from TRA; he does not receive a social security retirement benefit. The plain language of the offset provision does not encompass Ekdahl's TRA retirement annuity.

Because we conclude that the phrase "old age and survivor insurance benefits" unambiguously refers only to federal social security benefits, the WCCA erred when it applied the offset in Minn. Stat. § 176.101, subd. 4, to Ekdahl's TRA retirement annuity. Therefore, we reverse the WCCA and reinstate the decision of the compensation judge.[2]

Reversed.

---

[2] Because we hold that the offset provision of Minn. Stat. § 176.101, subd. 4, does not apply to Ekdahl's TRA retirement annuity, we need not and therefore do not address Ekdahl's constitutional claim.